[Crim. No. 1572. Second Appellate District, Division One.— March 23, 1928.]

THE PEOPLE, Respondent, v. WILLIAM HAUGH, Appellant.

M. W. Conkling, Arthur Dorn and Edgar B. Hervey for Appellant.

U. S. Webb, Attorney-General, and Frank Richards, Deputy Attorney-General, for Respondent.

YORK, J.—Appellant was convicted on the first count of an information containing two counts. The second count was dismissed on motion of the district attorney and the appellant appeals from the judgment and order denying his motion for a new trial.

In so far as the objections to the sufficiency of the evidence is concerned, there was legally sufficient evidence in the record to sustain the verdict of the jury.

The objection, however, to the following instruction, referring to the testimony of the defendant, is evidently well taken: "No greater presumption attaches in favor of his testimony than attaches to that of any other witness." In the case of *People* v. *Fritz*, 54 Cal. App. 137, 140 [201 Pac. 348, 350], and cases there cited, such an instruction is held to be error. The instruction in the case of *People* v. *Fritz*, *supra*, reads: "No greater presumption attaches in favor of

her testimony than attaches in favor of that of any other witness.'' It is true that in that case it is held that it did not furnish sufficient ground for reversal; but in the case at bar there is no disputed evidence to be weighed by the jury excepting only the evidence of the complaining witness and the evidence of the defendant. There is a direct denial on the part of defendant of every part or portion of the testimony of the complaining witness charging him with any impropriety. ■ The effect of the error above noted is intensified by another error in an instruction given by the trial court: ''You are further instructed that evidence of other acts of sexual intercourse between the defendant and the prosecutrix, and of improper familiarity on the part of the defendant towards and with the prosecutrix, both before and after the time charged in the information, is received and admitted in evidence in this case, and as having a tendency to render it more probable that the act of sexual intercourse charged and relied on in the information was committed, and for no other purpose.'' One difficulty with this instruction is that there was no evidence introduced of any act of sexual intercourse, or of improper familiarity, after the time charged in the information. In addition to that inaccuracy, the instruction is faulty in that in the given case the evidence of the complaining witness, so far as any conduct of the defendant is concerned, was not substantiated by any other evidence, either circumstantial or otherwise. Therefore, in the case at bar her statement that there were other acts of intercourse or improper familiarity on the part of defendant towards and with the prosecutrix would not have any tendency to render more credible her testimony that the act of sexual intercourse charged and relied on in the information was committed. In other words, the only testimony connecting the defendant with the alleged crime is the testimony of the prosecutrix herself; and such evidence on the part of the prosecutrix could not be said in any way to render the guilt of the defendant more probable than if she had testified that the act had been done but the once charged in the information. None of the prior acts testified to by the prosecutrix were corroborated in any manner. The doctor who was supposed to give the corroborating testimony did not testify that the condition which he found was probably the result of sexual intercourse. There was noth-

ing in his testimony that would tend to show any act of the defendant and, although this is apparently relied on to show corroboration of the prior acts, there is nothing in such testimony found in the record which would substantiate any such claim. ■ As we have here a case of absolute contradiction between the testimony of the defendant and the testimony of the prosecutrix without any other testimony or evidence tending to connect the *defendant* with the commission of the alleged offense, it seems to us that the errors committed by the court in the instructions which it gave to the jury acquire a larger importance and more prejudicial character than would be attributed to them if there had been other evidence clearly tending to establish the actual guilt of the defendant.

The judgment and order are reversed and a new trial ordered.

Conrey, P. J., and Houser, J., concurred.