[Crim. No. 3450.   Second Dist., Div. Two.—June 27, 1941.]

## THE PEOPLE, Respondent, v. LOUIS ARBY HUSTON, Appellant.

Gladys Towles Root for Appellant.

Earl Warren, Attorney General, and Bayard Rhone, Deputy Attorney General, for Respondent.

McCOMB, J.—Defendant was convicted after trial by jury of violating section 288 of the Penal Code.  This appeal is from the judgment and order denying his motion for a new trial.

The evidence being viewed most favorably to the people (respondent), the essential facts are:

In the spring of 1940 defendant on two separate occasions committed an act prohibited by section 288 of the Penal Code, to wit: He kissed the private parts of the prosecuting witness, a female of almost twelve years of age.

Defendant took the witness stand and specifically denied having committed any of the acts charged against him.

Defendant relies for reversal of the judgment, among others, on the following proposition:

*The trial court committed prejudicial error in receiving the following evidence of defendant's conduct on occasions when the prosecuting witness was not present:*

*(a)* Testimony of a child other than the prosecuting witness that as a forfeit for a game which he played with her she was required to kiss him;

*(b)* Testimony of a child other than the prosecuting witness as follows:

"A. He said, 'Aren't you cold?' and I said, 'Yes.' And he said, 'Well, what have you got on?' I said, 'I just have my unionsuit and dress.' And he said, 'What is your unionsuit like?' And I said, 'It is like panties and a shirt, like.' And he said, 'Let me see them.' I said, 'No.' He told me to let him see them three times, and I said, 'No', and then I walked off.

"Q. Where did this happen?

"A. In the filling station."

This proposition is tenable. The law is established in California that, in a prosecution for committing lewd and lascivious acts prohibited by section 288 of the Penal Code, evidence that defendant has perpetrated similar acts with a person or persons other than the prosecuting witness is inadmissible and, if received, is prejudicial error (*People* v. *Rogers,* 26 Cal. App. (2d) 371, 372 [79 Pac. (2d) 404] ; *People* v. *Asavis,* 22 Cal. App. (2d) 492, 494 [71 Pac. (2d) 307] ; 22 C. J. S., Criminal Law [1940] 1178, sec. 691).

Applying the rule of law above stated to the facts in the instant case, it is clear that the trial court committed prejudicial error in permitting the prosecution to introduce over objection evidence that on prior occasions defendant with minor female children other than the prosecuting witness had committed or attempted to commit offenses prohibited by section 288 of the Penal Code.

This court on previous occasions has directed the attention of the profession to the reasons for this rule, which are so aptly stated in the universally acknowledged pronouncement of Lord Chief Justice Hale on the subject of the crime of rape, which also applies to offenses interdicted by section 288 of the Penal Code. It is as follows:

"It must be remembered, that it is an accusation easily to be made and hard to be proved, and harder to be defended by the party accused, though never so innocent; [and we should] be the more cautious upon trials of offenses of this nature, wherein the court and jury may with so much ease be imposed upon without great care and vigilance; the heinous-

ness of the offense many times transporting the judge and jury with so much indignation that they are over hastily carried to the conviction of the person accused thereof by the confident testimony sometimes of malicious and false witnesses.'' (1 Hale P. C. (1736) 635, 636.)

For the foregoing reasons the judgment and order appealed from are and each is reversed and a new trial is ordered.

Moore, P. J., and Wood, J., concurred.