[Crim. No. 2801. Third Dist. May 15, 1958.]

THE PEOPLE, Respondent, v. RALPH LEONARD PILGRIM, Appellant.

Richard H. Hoffelt, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, G. A. Strader, Deputy Attorney General, and Philip B. Lynch, District Attorney, for Respondent.

PEEK, Acting P. J.—By an information defendant was charged with a violation of section 288 of the Penal Code and with a prior conviction for grand theft. The defendant entered a plea of not guilty to the principal charge and admitted the prior conviction. Following a verdict of guilty as charged, defendant moved for the appointment of psychiatrists to examine him as to his mental condition and for permission to make application for probation. His motion for a new trial was denied, and this appeal followed. Pursuant to defendant's request, Mr. Hoffelt was appointed by this court to assist him on his appeal.

Defendant's first contention is that the court erred in refusing to allow him to conduct his own defense. The record shows that prior to trial the defendant appeared before the court on his request to subpoena witnesses. At this time he again stated, as he had at the time of his arraignment in the superior court, that he did not desire the services of counsel. The court noted the difficulties to be expected in a

jury trial and appointed Mr. McInnis to assist him, and the services of counsel were accepted by defendant. When the cause came on for trial Mr. McInnis proceeded with the examination of the jury on *voir dire,* following which the defendant requested a conference in chambers at which time he again asked that he be allowed to conduct his own defense but that Mr. McInnis remain in an advisory capacity. Defendant's request was granted and the trial proceeded.

The cases cited and relied upon by defendant in support of his contention that he was not permitted to conduct his own defense are wholly inapplicable. The record, as previously noted, shows that defendant first accepted the appointment of Mr. McInnis. It was not until after the jury had been selected that he requested to be allowed to conduct his own defense with Mr. McInnis remaining in an advisory capacity, which request was granted. Under such circumstances he will not now be heard to contend that he was denied his right to conduct his own defense.

 It is next contended that defendant was unduly limited in his cross-examination of the prosecuting witness. On direct examination the witness had testified to certain acts committed on her person by the defendant. The apparent purpose of the questions asked on cross-examination was to show association by her with other persons and the possibility of her engaging in like immoral acts with them. While such testimony might well have shown such acts by others, it in no way would have refuted her testimony concerning the acts of the defendant. Stated otherwise, the fact that some other person might have done exactly what defendant did, would in no way have tended to prove that defendant did not so act.

 Additionally defendant contends that the court erred in instructing the jury relative to similar acts which the prosecuting witness testified had been committed upon her person by the defendant on a prior occasion. It is his argument that, absent a more particular showing as to the date of the commission of the prior acts, such evidence must be considered as being too remote. Furthermore he contends that such was uncorroborated. Hence any instructions thereon were improper. The record shows that the evidence was admitted without objection, and therefore it must be concluded that defendant waived any objection thereto. Since the evidence was before the jury, the judge properly instructed it thereon and properly limited the jury's consideration thereof to the disposition of the defendant toward the child

and his intent at the time of the alleged offense charged. (*People* v. *LaMantain*, 89 Cal.App.2d 699 [201 P.2d 598].) Additionally it should be noted that the prior acts to which she testified, as well as the acts involved in the instant case, were all corroborated by the defendant himself.

Defendant next contends that the prosecuting attorney, in his opening statement, committed prejudicial error by referring to the fact that defendant had telephoned his wife from the Vallejo jail. Even assuming that such reference in the opening statement was improper, it cannot be said that it was prejudicial. He admitted that he had been apprehended on the date in question for being drunk in a car; that he was then with a woman other than his wife; and that he had telephoned to his wife.

The final contention of defendant appears to be that from an examination of the entire record he was denied a fair and impartial trial, and hence was denied due process of law. In view of our conclusions upon the contentions made by defendant, there appears to be no basis whatever for such contention.

The judgment and order are affirmed.

Schottky, J., and Warne, J. pro tem.,* concurred.

A petition for a rehearing was denied June 11, 1958, and appellant's petition for a hearing by the Supreme Court was denied July 9, 1958.

.

---

*Assigned by Chairman of Judicial Council.