[Crim. No. 11327.   In Bank.   Nov. 29, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. ROBERT REM-
INGTON STANLEY, Defendant and Appellant.

Russell E. Parsons, Edward I. Gritz and Calabro, Calabro & Calabro for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and A. Barry Cappello, Deputy Attorney General, for Plaintiff and Respondent.

PETERS, J.—Defendant was convicted, after a trial without a jury, of two charges of violating section 288 of the Penal Code with a 10-year-old boy named Steven, and two charges of violating section 288a of that code with a 14-year-old boy named Thomas. The four offenses were alleged to have occurred on April 16, 1965. Defendant appeals from the resulting judgment.

Steven was the sole witness for the prosecution. He testified that on the day in question, which was Good Friday, he and Thomas met defendant, who was a neighbor, at 8 p.m. outside a hobby shop; that after stopping to buy beer they went in defendant's truck to the mountains where they parked and drank beer; that they engaged in acts of oral copulation, and that defendant returned the boys to Steven's home where the boys spent the night. Steven also testified, over objection, that defendant on several other occasions had engaged in other sexual misconduct with him and others.

There are many discrepancies and contradictions in Steven's various stories. These discrepancies are between the story he told to the police, his testimony at the preliminary, and his testimony on direct and cross-examination. Each of these discrepancies is not too important when considered alone, but when considered together they are substantial. They relate to Steven's and Thomas' actions before leaving for the mountains, as to how the claimed acts were performed and what happened then, and as to the location where they are claimed to have occurred. It is of some significance that in asserting each differing version of the facts Steven described the claimed acts in some detail.

He directly contradicted himself in describing where he and Thomas went, and what occurred, after the group returned from the mountains. First, he testified that he and Thomas returned to *Steven's* home and spent the night there. He described in detail conversations with his older sister and the

making of tape recordings by him and Thomas which were supposed to have occurred there. But, when confronted with his testimony at the preliminary hearing that he and Thomas had spent the night at the *Thomas'* house, he testified that in fact he did so, and then proceeded to narrate detailed conversations which he claimed to have had with Thomas' mother there. He sought to explain the discrepancies by stating that he had not understood the earlier questions as referring to the night of April 16. This explanation is not convincing. The questions by the prosecuting attorney, as well as those by the defense counsel, were clear and unambiguous and could not reasonably have been misunderstood, even by a 10-year-old boy, to refer to any night other than that of April 16.

At the conclusion of Steven's testimony the prosecution rested, without attempting to corroborate his story in any way, and defendant moved to dismiss the counts charging violations with Thomas. The court denied the motion to dismiss. The judge stated that he would excuse Thomas as a witness for the prosecution, but when defense counsel indicated that he would call Thomas as a witness, the judge stated: ''I will instruct him to return, but it will be as your own witness, and if you call him you will be bound by his testimony because he will be called as your own witness.''

After a short recess, the defense commenced its case by calling Thomas. The judge stated, ''As your own witness?'' Defense counsel answered in the affirmative, and the judge said, ''Very well.''

Defense counsel asked only two questions which Thomas answered by stating that he was 14, and that he had stayed at Steven's home on the evening of April 16. The prosecution did not cross-examine.

Five character witnesses, including Steven's older sister who was 17, testified that Steven's reputation for truthfulness was bad. A policeman testified that Steven had told him that the oral copulation incident occurred in a different location than that described at trial. A boy, 16, testified that on April 16 he was with defendant at a model racing car store during part of the time that Steven said he was in the mountains.

Defendant, who was employed at the model racing car store, took the stand and denied the charges. He offered to prove by testimony of a private investigator that the latter had a conversation with Thomas, that the conversation was tape recorded, and that Thomas said that he and Steven had made an agreement to ''get'' defendant. The court ruled that such

conversations were hearsay, and refused to listen to defense counsel's statement as to the contents of the conversation.[1]

Defendant contends that the court erred in admitting in evidence over objection Steven's testimony as to sexual offenses other than those charged. We agree.

Evidence of other crimes is inadmissible if offered solely to prove criminal disposition or propensity on the part of the accused to commit the crime charged. The evidence is then excluded because its probative value is outweighed by its prejudicial effect. The purposes of the exclusionary rule are to avoid placing the accused in a position where he must defend against crimes with which he has not been charged and to guard against the probability that evidence of other criminal acts having little bearing on the question whether defendant committed the charged crime would assume undue proportions and unnecessarily prejudice defendant, as well as to promote judicial efficiency. (*People* v. *Cramer, ante,* pp. 126, 129-130 [60 Cal.Rptr. 230, 429 P.2d 582]; *People* v. *Hill,* 66 Cal.2d 536, 556 [58 Cal.Rptr. 340, 426 P.2d 908].)

There are, of course, certain situations in which evidence of other crimes is admissible. In cases involving sex crimes, it has been held that evidence of other not too remote sex offenses with the prosecuting witness is admissible to show a lewd disposition or the intent of defendant towards the prosecuting witness. (*People* v. *Sylvia,* 54 Cal.2d 115, 119-120 [4 Cal.Rptr. 509, 351 P.2d 781]; see *People* v. *Kelley,* 66 Cal.2d 232, 240 [57 Cal.Rptr. 363, 424 P.2d 947].)

Defendant does not dispute the latter rule as a general

---

[1] By these various rulings defendant was prevented from calling Thomas as his own witness, and from asking him if he had told the investigator that he and Steven had plotted to frame defendant, and if Thomas answered no, by then impeaching him by calling the investigator and producing the claimed tape recording of the conversation. This was done by applying the old common law rule, then apparently in effect in California, that a party in a criminal case is bound by his own witness' testimony and that the witness cannot be impeached except in case of surprise and a showing of damage. (See Code Civ. Proc., § 2049.) This rule has been criticized (McCormick on Evidence (1954) § 38, p. 70 et seq.; 3 Wigmore on Evidence (1940) § 896 et seq., p. 383 et seq.), and the Law Revision Commission classified it as one of the ''anachronistic limitations'' to the proper examination of witnesses (Comment of Law Rev. Com. to § 785 of the Evid. Code). By section 785 of that code, effective January 1, 1967, the harshness of that rule has been ameliorated by the provision that a party may impeach his own witness' credibility. Since this cause must be reversed for other reasons, this new section will be applicable to the retrial. (Evid. Code, § 12.) Therefore, defendant may then call Thomas as his own witness and may try to impeach his credibility, if he can.

proposition but urges that an exception to that rule exists where, as here, the only prosecution evidence of the other offenses as well as the only prosecution evidence as to the charged offenses is the testimony of the complaining witness. Defendant's position is that in such cases the ultimate issue is the veracity of that witness as to the charged offenses, and that uncorroborated testimony as to other offenses by the same witness is of no substantial aid to the trier of fact, and may result in great prejudice to the accused.

This problem is not a new one. In *People* v. *Smittcamp*, 70 Cal.App.2d 741, 745-751 [161 P.2d 983], the trial court instructed the jury that evidence of other acts of sexual intercourse and of improper familiarity between the defendant and the prosecutrix were received to prove the adulterous disposition of the defendant and to render it more probable that the act of sexual intercourse charged was committed and for no other purpose. The Court of Appeal, while recognizing that in prosecutions for sex offenses evidence of other offenses between the parties is ordinarily admitted, reasoned that the evidence of the other offenses is admitted as corroboration of the testimony introduced to prove the commission of the specific offense charged, that this is the only purpose of the evidence of other offenses, that where the only evidence of the other offenses is the testimony given by the prosecutrix herself, her testimony in that regard is only an attempt to corroborate her own testimony, and that the testimony as to the other offenses in such circumstances could not be said to in any way render the guilt of the defendant more probable than if she had testified that the act had been done but the once charged in the information. The same reasoning was applied to similar instructions in *People* v. *Vaughan,* 131 Cal.App. 265, 275 [21 P.2d 438]; *People* v. *Bell,* 96 Cal.App. 503, 507-508 [274 P. 393], and *People* v. *Haugh,* 90 Cal.App. 354, 356-357 [265 P. 891].

These cases cannot be distinguished on the ground that they involve instructions to the jury rather than the issue of admissibility of evidence. The cases establish that where the basic issue of the case is the veracity of the prosecuting witness and the defendant as to the commission of the acts charged, the trier of fact is not aided by evidence of other offenses where that evidence is limited to the uncorroborated testimony of the prosecuting witness.

We have been cited to no case, nor have any been found, where uncorroborated testimony of the prosecuting witness as

to noncharged offenses has been held admissible where the point has been discussed. In *People* v. *Sylvia, supra,* 54 Cal.2d 115, 119-120, where evidence of such offenses with the prosecuting witness was held admissible, the corroborating evidence consisted of an admission of the defendant. (See also *People* v. *Pilgrim,* 160 Cal.App.2d 528, 530-531 [325 P.2d 143].) In *People* v. *Wertz,* 145 Cal.App.2d 395, 398 [302 P.2d 613], the evidence consisted of testimony by a witness other than the prosecuting witness, and in *People* v. *LaMantain,* 89 Cal.App.2d 699, 701-703 [201 P.2d 598], there was "some" corroboration. In *People* v. *Jewett,* 84 Cal.App.2d 276, 279 [190 P.2d 330], it was held that the testimony of the prosecuting witness as to noncharged offenses was admissible. The court did not, however, state whether the testimony of the prosecuting witness was corroborated as to such offenses or discuss on the point. These cases are not authority here.

It would not be sound law, or serve the ends of justice, if the courts were to adopt rigid rules for the admission and exclusion of evidence of other crimes. As was said in *People* v. *Sheets,* 251 Cal.App.2d 759, 764 [59 Cal. Rptr. 777] : "If both justice and predictability of decision are to be served, rigidity of tests of admission and exclusion, in our opinion, is not the answer. We believe that whenever the quarrel is between relevancy and the policy of the law to protect the accused against bias and prejudice likely to be engendered from the admission of relevant evidence, a balancing process must take place—a weighing of the probative value of the evidence offered against the harm it is likely to cause." (See also *People* v. *Sykes,* 44 Cal.2d 166, 174, 175 [280 P.2d 769]—dissent of Traynor, C. J.)

While probative value and prejudice are not subject to absolute quantitative measurement, some of the pertinent guidelines may be identified. On the issue of probative value, materiality and necessity are important.[2] The court should not permit the admission of other crimes until it has ascertained that the evidence tends logically and by reasonable inference to prove the issue upon which it is offered,[3] that it

---

[2] *People* v. *Kelley, supra,* 66 Cal.2d 232, 238-241; *People* v. *Wade,* 53 Cal.2d 322, 330-331 [1 Cal.Rptr. 683, 348 P.2d 116]; *People* v. *Albertson,* 23 Cal.2d 550, 576-578 [145 P.2d 7]; *People* v. *Sheets, supra,* 251 Cal. App.2d 759, 764-765; *People* v. *Rosenfield,* 243 Cal.App.2d 60, 67-68 [52 Cal.Rptr. 101]; Comment, 7 U.C.L.A. L.Rev. 463, 465-468; 480-482; 78 Harv.L.Rev. 426, 449-451.

[3] *People* v. *Kelley, supra,* 66 Cal.2d 232 at p. 239; *People* v. *Pike,* 58 Cal.2d 70, 89 [22 Cal.Rptr. 664, 372 P.2d 656]; *People* v. *Riser* (1956) 47 Cal.2d 566, 578 [305 P.2d 1]; *People* v. *McMonigle* (1947)

is offered on an issue material to the prosecution's case,[4] and is not merely cumulative.[5]

In the instant case, the evidence of the other offenses added nothing to the prosecution's case. The case is based solely on the testimony of Steven, and the crucial issue was his credibility. Steven's testimony as to the other offenses, which was not corroborated by any other evidence, in no way strengthened his testimony as to the offenses charged. It seems clear that, in light of the issues before the trier of facts, the testimony as to the other offenses was of no proper benefit to the prosecution. Obviously, testimony that defendant had committed offenses on four other occasions with Steven and other boys involves a substantial danger of prejudice to defendant. When the probative value of the evidence is weighed against the harm caused, the balance clearly falls in favor of exclusion. The error was obviously prejudicial. The prosecution's case depended entirely on the uncorroborated testimony of a 10-year-old boy, and the boy was shown by testimony of his sister and neighbors to have a bad reputation for veracity. The boy contradicted himself in testifying with regard to important matters, but probably even more revealing is that when the boy was shown that his detailed testimony as to certain matters was in conflict with earlier testimony, he changed his story and came forth with a new version also liberally sprinkled with details. Obviously, one of the versions of conflicting statements was false, and the ability of the boy to ornament the false version with numerous details, seemingly lending credence to it, certainly suggests that he is an accomplished liar and that there is a dangerous possibility that his entire testimony is false. The prosecution did not call Thomas as a witness, and defendant denied the charge and produced a witness who testified to an alibi.

It should be remembered that an accusation of violations of the sections before us is an " 'accusation easily to be made and hard to be proved, and harder to be defended by the party accused, though never so innocent' " (*People* v.

29 Cal.2d 730, 742 [177 P.2d 745]; *People* v. *Peete,* 28 Cal.2d 306, 315 [169 P.2d 924].

[4]See cases cited in footnote 3, *supra.* See also Comment, *supra,* 7 U.C. L.A.L.Rev. 463, 466, and authorities cited therein.

[5]*State* v. *Goebel* (1950) 36 Wn.2d 367, 379 [218 P.2d 300]; Comment, *supra,* 7 U.C.L.A.L.Rev. 463, 481-482; see also Lacy, *Admissibility of Evidence of Crimes Not Charged in the Indictment* (1952) 31 Ore.L.Rev. 267. Contrast *People* v. *Dabb* (1948) 32 Cal.2d 491 [197 P.2d 1]; *People* v. *Westek,* 31 Cal.2d 469 [190 P.2d 9].

*Huston,* 45 Cal.App.2d 596, 597 [114 P.2d 607]), and that there " 'is no class of prosecutions attended with so much danger, or which afford so ample an opportunity for the free play of malice and private vengeance. In such cases the accused is almost defenseless, and Courts, in view of the facility with which charges of this character may be invented and maintained, have been strict in laying down the rule which should govern the jury in their finding. From the days of Lord Hale to the present time, no case has ever gone to the jury, upon the sole testimony of the prosecutrix, unsustained by facts and circumstances corroborating it, without the Court warning them of the danger of a conviction on such testimony.' " (*People* v. *Adams,* 14 Cal.2d 154, 163 [93 P.2d 146], quoting from *People* v. *Benson,* 6 Cal. 221, 223 [65 Am.Dec. 506]; *People* v. *Burton,* 55 Cal.2d 328, 340 [11 Cal.Rptr. 65, 359 P.2d 433].) ▮ This, as we have seen, is a case based on the uncorroborated testimony of the prosecuting witness, who has been substantially impeached, and the defendant has taken the stand, denied the charges, and produced an alibi witness. As this court has observed, in a sex case where the only witness is the victim and his story is totally uncorroborated, almost any error is serious and is likely to be prejudicial. (Cf. *People* v. *Adams, supra,* 14 Cal.2d 154, 157, 168.)

▮ There is no merit in defendant's contention that the prosecution was required to call Thomas, the complaining "witness" as to two of the four counts. Thomas, who was 14 years of age at the time of the offenses, was probably an accomplice (cf. *People* v. *McRae,* 31 Cal.2d 184, 185-186 [187 P.2d 741]), and he was not concealed from the defense but was present at the trial (cf. *People* v. *Kiihoa,* 53 Cal.2d 748, 752 [3 Cal.Rptr. 1, 349 P.2d 673]). ▮ The prosecution is not required to call any particular witness, nor to put on all the evidence relating to a charge so long as all material evidence bearing thereon is fairly presented in such a manner as to accord to the defendant a fair trial. (*People* v. *Tuthill,* 31 Cal.2d 92, 98 [187 P.2d 16]; see *People* v. *Kiihoa, supra,* 53 Cal.2d 748, 752.)

▮ Defendant also attacks the sufficiency of the evidence on the ground that Steven's testimony was not corroborated. However, Steven was under the age of 14 years at the time of the commission of the offense and could not have been an accomplice with respect to the charged violations of section 288 committed against him. (*People* v. *Westek, supra,* 31

Cal.2d 469, 473.) (Pen. Code, § 26.) As pointed out above, the prosecution's case was extremely weak, but it is not insufficient as a matter of law.

The judgment is reversed.

Traynor, C. J., Tobriner, J., Mosk, J., Burke, J., and Sullivan, J., concurred.

McCOMB, J.—I dissent. I would affirm the judgment for the reasons expressed by Presiding Justice Files in the opinion prepared by him for the Court of Appeal, Second Appellate District, Division Four (*People* v. *Stanley,* Crim. No. 11632, filed May 29, 1967, certified for nonpublication).

Respondent's petition for a rehearing was denied December 27, 1967.