[No. B014669. Second Dist., Div. Four. May 21, 1986.]

THE PEOPLE, Plaintiff and Respondent, v.
CHARLES W. STEWART, Defendant and Appellant.

## COUNSEL

Frank O. Bell, Jr., State Public Defender, under appointment by the Court of Appeal, and Nancy Gaynor, Deputy State Public Defender, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Robert F. Katz, Keith H. Borjon and Noreen Fiore Berra, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**McCLOSKY, J.**—Defendant, Charles W. Stewart, appeals from a judgment founded upon the jury's verdict finding him guilty of oral copulation with a person under the age of 18 years (Pen. Code, § 288a, subd. (b)(1), count I) and attempted incest (Pen. Code, §§ 664, 285, count II).

### CONTENTIONS

Defendant raises the following contentions on appeal:

(1) "Since neither intent nor identity was a disputed issue, evidence of appellant's prior molestations of his daughter showed only his disposition to molest her on the occasion of the charged crimes, and hence was inad-

missible under *People* v. *Tassel* [*sic*] (1984) 36 Cal.3d 77''; (2) ''[m]uch of the other-crimes evidence was inadmissible on the additional ground of remoteness'' and (3) ''[t]he trial court erred in admitting evidence of the prosecutrix's 'fresh complaint' in the absence of a sufficient foundation that the complaint referred to the charged crimes rather than to one of the uncharged molestations.''

FACTS

On July 5, 1984, defendant asked his daughter Ms. S. to come down to the car in the garage of their home for her birthday present.[1] After they entered the back seat of the car, defendant put his hand under Ms. S.'s shirt and fondled her breasts. He then fondled her vagina.

Ms. S. threatened to call the police. This angered defendant and therefore, at her mother's request, Ms. S. apologized to him on July 7. On that same date defendant then asked her to get "ready" so that he could come into her bedroom. Since defendant had on other occasions directed Ms. S. to get "ready," she understood that this meant she was to remove all her clothes and apply lotion and powder to her body. Ms. S. complied with defendant's request. This took place at approximately 11 p.m.

Defendant entered Ms. S.'s bedroom about 20 minutes later. He removed his underwear, got into bed with Ms. S., orally copulated her, and then unsuccessfully attempted intercourse.

Over defendant's objection, the People were permitted to introduce Ms. S.'s testimony regarding defendant's illicit acts upon her during her childhood. According to Ms. S.'s testimony defendant first molested her when she was six or seven years old. She further testified that thereafter, defendant sexually fondled her on a biweekly basis and once sodomized her. The frequency of these sexual molestations increased as she grew older. When she was 14, defendant had sexual intercourse with her. Between the ages of 14 and 17, defendant had sexual intercourse with her on approximately 10 occasions and he continued to fondle her sexually approximately once a week.

The People also introduced nine sexually explicit photographs of Ms. S. Those photographs were admitted into evidence over defendant's objection based upon the court's finding that the photographs were relevant under Evidence Code section 1101, subdivision (b) as demonstrating that the charged crimes were part of a "continued course of conduct" of the de-

---

[1]July 6, 1984, was her 17th birthday.

fendant. Five of the photographs were taken by defendant and showed Ms. S. nude and in various lewd positions, from age 7 to 15. The other four photographs were taken by Ms. S.'s mother when Ms. S. was 10 or 11. In those photographs defendant and Ms. S. were nude and defendant was engaged in fondling her breasts and genitals, oral copulation of the breasts and simulated sexual intercourse.

Following argument, the court instructed the jury that they could only consider the evidence of defendant's prior uncharged sexual offenses against Ms. S. for the limited purpose of determining if such evidence showed "[a] characteristic method, plan or scheme in the commission of criminal acts similar to the method, plan or scheme used in the commission of the offense in this case which would further tend to show the existence of the intent which is a necessary element of the crime charged or the identity of the person who committed the crime, if any, of which the defendant is accused . . . ."[2] (CALJIC No. 2.50 (4th ed. 1979).)

DISCUSSION

I

Defendant contends that since neither his intent or identity was a disputed issue at trial, Ms. S.'s testimony concerning his prior sexual molestations of her, as well as the nine corroborative photographs, showed only his disposition to molest her on the occasion of the charged crimes, and thus, was inadmissible under *People* v. *Tassell* (1984) 36 Cal.3d 77 [201 Cal.Rptr. 567, 679 P.2d 1].

■ It is well settled that evidence of other crimes is inadmissible when it is offered to show that defendant had the criminal disposition or propensity to commit the crime charged. (Evid. Code, § 1101, subd. (a); *People* v. *Guerrero* (1976) 16 Cal.3d 719, 724 [129 Cal.Rptr. 166, 548 P.2d 366].) ■ Such other crimes evidence is admissible, however, if it "logically tends to prove a material element in the People's case." (*People* v. *Guerrero, supra,* 16 Cal.3d at p. 724.) This exception to the general rule of inadmissibility is codified in Evidence Code section 1101, subdivision (b) which provides for the admission of evidence of other crimes "when relevant to prove some fact (such as motive, opportunity, intent, preparation, plan,

---

[2]Defendant testified on his own behalf and denied molesting Ms. S. on the 5th or 7th of July. The court found that defendant's denial had placed identity and intent in issue and therefore instructed the jury accordingly. In so finding the trial court erred as identity and intent were not in issue. We shall hold, however, that this evidence was otherwise admissible.

knowledge, identity, or absence of mistake or accident)'' other than defendant's disposition or propensity to commit such crimes.

In *People* v. *Tassell, supra,* 36 Cal.3d 77, the defendant was convicted of two sex offenses against Miss B. Evidence that defendant committed two prior sex offenses against individuals other than Miss B. was admitted by the trial court to show ''common design or plan'' and to corroborate Miss B.'s testimony. (*Id.,* at pp. 80-82.) The Supreme Court held that admission of the other crimes evidence was error since that evidence was not relevant to any issue actually in dispute in the case. (*Id.,* at pp. 88-89.) The court found that the case presented no issue of identity or intent and that no rational argument would support a contention that the three sets of sex crimes were part of one larger plan. (*Ibid.*) The trial court's '''common plan or scheme''' rationale for admissibility was deemed ''merely a euphemism'' for defendant's disposition. (*Id.,* at p. 89.) The Supreme Court also rejected the theory that the evidence was admissible solely to corroborate the prosecuting witness, absent some relevance to a disputed issue. (*Id.,* at p. 87.)

In the instant case, the People concede that there was no issue as to defendant's intent or identity, but argue that the evidence of defendant's prior molestations of the victim was admissible to show a ''common plan'' or, as phrased by the trial court, ''a continued course of conduct.''

In *Tassell,* the court held that the ''common scheme or plan'' theory was unsupportable under the circumstances of the case since there was no '''single conception or plot' of which the charged and uncharged crimes [were] individual manifestations.'' (*People* v. *Tassell, supra,* 36 Cal.3d at p. 84, quoting *People* v. *Covert* (1967) 249 Cal.App.2d 81, 86-87 [57 Cal.Rptr. 220].) The same holds true here. While the uncharged acts of molestation occurred on a regular basis, there is no evidence that those acts along with the charged acts were part of some ''grand design.''

The respondent contends, however, that the *Tassell* holding does not preclude the admissibility of the challenged evidence for, it contends, that evidence is admissible as showing defendant's lewd disposition toward the particular victim. (*People* v. *Moon* (1985) 165 Cal.App.3d 1074 [212 Cal.Rptr. 101].)

In *Moon,* the admission of prior uncharged acts of molestation against the prosecuting witnesses was upheld based on the line of cases holding that ''evidence of other, not too remote sex offenses with the prosecuting witness is admissible because it is relevant to show a 'lewd disposition or the intent of the defendant' *toward that witness.*'' (*People* v. *Moon, supra,*

165 Cal.App.3d at p. 1079, italics added; see, e.g., *People* v. *Sylvia* (1960) 54 Cal.2d 115, 119-120 [4 Cal.Rptr. 509, 351 P.2d 781]; *People* v. *Brown* (1971) 14 Cal.App.3d 334, 347 [92 Cal.Rptr. 370]; *People* v. *Hefner* (1981) 127 Cal.App.3d 88, 98 [179 Cal.Rptr. 336]; *People* v. *Barney* (1983) 143 Cal.App.3d 490, 494 [192 Cal.Rptr. 172]; *People* v. *Dunnahoo* (1984) 152 Cal.App.3d 561, 574 [199 Cal.Rptr. 796]; *People* v. *Brunson* (1986) 177 Cal.App.3d 1062, 1068 [223 Cal.Rptr. 439].)

The *Moon* court quotes *Barney* with approval as stating that "'[w]hen the uncharged offense evidences the emotion of sexual passion toward a particular individual the statutory exclusion [of Evid. Code, § 1101, subd. (a)] is inapplicable. [Citations.] Such evidence tends to prove defendant would act to realize his desire on the occasion of the charged offense [citation] and is not dependent upon defendant's bad character or his disposition to do wrongful acts.'" (*People* v. *Moon, supra,* 165 Cal.App.3d at p. 1079, quoting *People* v. *Barney, supra,* 143 Cal.App.3d at p. 494.)

In *Moon,* as in the instant case, there was no issue of defendant's intent or identity. The *Moon* court therefore addressed the effect of *Tassell*'s disapproval of all cases inconsistent with the principle that other crimes evidence must relate to an issue actually in dispute. (165 Cal.App.3d at p. 1081.) The court stressed that *Tassell* involved "the relevance of prior offenses against other individuals, not against the same victim." (*People* v. *Moon, supra,* 165 Cal.App.3d at p. 1081; see also *People* v. *Alcala* (1984) 36 Cal.3d 604, 634, fn. 18 [205 Cal.Rptr. 775, 685 P.2d 1126].)

Defendant attacks *Moon*'s interpretation of *Tassell* arguing that *Tassell*'s reference to *People* v. *Stanley* (1967) 67 Cal.2d 812 [63 Cal.Rptr. 825, 433 P.2d 913], a case involving the admission of prior sex crimes against the complaining witness, evidences the court's intent to overrule the *People* v. *Sylvia* line of cases relied on by *Moon.*[3]

The *Tassell* court found *Stanley* to be similar to *People* v. *Cramer* (1967) 67 Cal.2d 126 [60 Cal.Rptr. 230, 429 P.2d 582], where neither intent nor identity was in issue, stating that the only real distinction between the two cases "was that in *Stanley* the evidence concerning the noncharged crime came from the victim of the charged offense" and that "in neither case did the evidence of other offenses prove any disputed issue except defendant's disposition which was, as such, taboo." (*People* v. *Tassell, supra,* 36 Cal.3d

---

[3]In footnote 10 of appellant's opening brief he asserts that "[t]he state Supreme Court never had occasion to review Moon's limitation of its *Tassell* holding, since Moon's appellate counsel declined to petition for hearing." That statement is incorrect. Appellant filed what was then denominated a petition for hearing on April 29, 1985, and the Supreme Court denied that petition on May 23, 1985.

at p. 86.) We do not, however, interpret such criticism of *Stanley* to be an unambiguous rejection of the *Sylvia* rule. While the *Tassell* court went on to discuss *Cramer* and disapprove it, the court did not comment further on *Stanley.* (*Id.,* at pp. 87-89.) ■ ■■■ We agree with the statement in *Moon* in that "absent express guidance from the Supreme Court, we cannot conclude that [*Tassell*] has impliedly overruled *People* v. *Sylvia, supra,* 54 Cal.2d 115 [4 Cal.Rptr. 509, 351 P.2d 781] and its progeny." (*People* v. *Moon, supra,* 165 Cal.App.3d at p. 1081, fn. omitted.)[4]

■ There is, however, an exception to the *Sylvia-Moon* rule. Where the only evidence of the uncharged offenses is the uncorroborated testimony of the prosecuting witness, that evidence is inadmissible. (*People* v. *Stanley, supra,* 67 Cal.2d at p. 817; *People* v. *Dunnahoo, supra,* 152 Cal.App.3d at p. 574.) That exception is inapplicable to the instant case as the nine sexually explicit photographs of Ms. S. and defendant corroborate Ms. S.'s testimony regarding defendant's prior acts of molestation upon her. We accordingly reject defendant's contention concerning defendant's prior acts against Ms. S.

■ Defendant contends that the evidence of his molestations of Ms. S. when she was age six or seven was inadmissible on the ground of remoteness. This contention lacks merit.

There was evidence that the defendant sexually fondled Ms. S. on a continuous weekly basis coupled with other acts of molestation against her. Thus, while some of the acts in question occurred 10 years before the charged acts, they were not isolated occurrences but were rather part of a continuous pattern of molestation, oral copulation, incest, and attempted incest. The continuity of defendant's conduct toward Ms. S. precludes the exclusion of the challenged evidence on the ground of remoteness. (*People* v. *Barney, supra,* 143 Cal.App.3d at p. 495, fn. 4.)

■ Defendant further contends that "the trial court erred in admitting evidence of the prosecutrix's 'fresh complaint' in the absence of a sufficient

---

[4]Based on our holding, it follows that the trial court erred in instructing the jury that they could consider the evidence of defendant's uncharged crimes to determine if the evidence indicated a "characteristic method, plan or scheme" indicative of intent or identity. The trial court should have instructed the jury that such evidence was to be considered to show defendant's lewd disposition toward the victim. (See *People* v. *LaMantain* (1949) 89 Cal.App.2d 699, 702 [201 P.2d 598].)

The instructional error, however, was not prejudicial. Taking into consideration the entire record including the victim's testimony concerning the prior acts of molestation and the corroborative photographs, it is not reasonably probable that a result more favorable to defendant would have occurred in the absence of the error. (*People* v. *Watson* (1956) 46 Cal.2d 818, 836 [299 P.2d 243].)

foundation that the complaint referred to the charged crimes rather than to one of the uncharged molestations."

At trial, the People sought to have the mother of Ms. S. testify to the complaint made to her by Ms. S. on July 7, the date of the charged acts of molestation. Defendant objected, claiming that the complaint did not refer to the charged acts of molestation but rather to the uncharged acts which took place on July 5. An Evidence Code section 402 hearing was then held, during which Ms. S.'s mother testified that at around 11 or 11:30 p.m. on July 7, Ms. S. complained to her that defendant had been "messing with her on the top and bottom" in her bedroom earlier on that date. The trial court admitted the complaint, finding that it referred to the charged crimes.

"In prosecutions for sex offenses, proof of the fact of recent complaints by a minor victim is admissible as original evidence and is *not hearsay*." (*People* v. *Meacham* (1984) 152 Cal.App.3d 142, 158 [199 Cal.Rptr. 586]; italics in original.) The theory underlying this "fresh complaint" doctrine is that "[i]t is natural to expect that the victim of such a crime would complain of it, and the prosecution can show the fact of complaint to forestall the assumption that none was made and that therefore the offense did not occur." (*People* v. *Burton* (1961) 55 Cal.2d 328, 351 [11 Cal.Rptr. 65, 359 P.2d 433].) The complaint does not have to be detailed. It must, however, relate to the charged crime and to the defendant as the perpetrator. (*Ibid.*)

Defendant maintains that the complaint did not relate to the charged crimes since those crimes allegedly occurred after 11 p.m. and involved oral copulation and attempted incest, while the acts complained of occurred "earlier in the afternoon" and involved "messing . . . on the top and bottom" of Ms. S. which her mother understood as meaning "fondling of [her] breasts and vagina."

In cases involving sex crimes against minors, the victim's complaint regarding those crimes as to their nature and time will often be inexact due to the victim's distress, embarrassment or lack of sophistication and knowledge concerning the sexual acts which occurred. As a result, discrepancies may arise between the victim's fresh complaint and testimony at trial. Defendant argues that these discrepancies should preclude the admissibility of the complaint. We disagree. As long as the complaint can be reasonably interpreted as relating to the charged acts (see *People* v. *Burton, supra,* 55 Cal.2d at p. 351) any such discrepancies affect the weight and not the admissibility of that complaint.

Here, at the time the charged crimes occurred, Ms. S. was 17 years old but her ability to properly describe defendant's acts upon her was limited.

For example, at the outset of the proceeding she did not understand the terms "oral copulation" and "vagina" and she equated intercourse with fondling. Based on Ms. S.'s lack of knowledge as to these terms, we conclude that her complaint that defendant had been "messing with her on the top and bottom" can reasonably be interpreted as referring to the charged acts. The subjective interpretation of the mother of Ms. S. of that complaint is not determinative.

The fact that the complaint referred to acts which, occurred "earlier in the afternoon," if we believe the testimony of Ms. S.'s mother at one point in her testimony, does not affect our conclusion. The complaint specifically indicated that defendant's acts of molestation occurred on July 7 in Ms. S.'s bedroom and there is nothing in the record to indicate that other crimes occurred that day other than those charged. Thus, the discrepancy as to the time of the charged acts merely affects the weight, not the admissibility of the complaint.

Moreover, even if we were to conclude that Ms. S.'s complaint was erroneously admitted into evidence, we are convinced that after review of the entire record before us it is not reasonably probable that a result more favorable to defendant would have been reached absent such alleged error. (*People* v. *Watson, supra,* 46 Cal.2d at p. 836.)

The judgment is affirmed.

Woods, P. J., and Arguelles, J., concurred.

Appellant's petition for review by the Supreme Court was denied August 28, 1986.