[No. A017661. First Dist., Div. One. Sept. 16, 1982.]

THE PEOPLE, Plaintiff and Respondent, v.
LAWRENCE ELMER MARTINEZ, Defendant and Appellant.

COUNSEL

Jonathan Matthew Purver, under appointment by the Court of Appeal, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Willard F. Jones and Jane Kirkland Fischer, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**ELKINGTON, J.**—Defendant Martinez appeals from a judgment founded upon a jury's verdicts finding him guilty of violations of Penal Code sections 288 (lewd and lascivious conduct with a child—count I), 288a, subdivision (c) (oral copulation with a person under the age of 14 years—count II), and 285 (incest—count III).

We affirm the judgment for reasons as follows:

The three appellate contentions are considered in the order, and as phrased, by Martinez.

■ I. Contention: "The failure of the trial court to require the prosecution to elect at the beginning of trial the particular acts on which it would rely to prove the allegations of the information constituted a denial of due process of law."

The contention's factual basis, as stated in Martinez' appellate brief, follows. "In the case at bar, each of the two daughters of appellant

Martinez testified to a number of sexual acts involving their father. Over defense counsel's strenuous objections, the trial court permitted the prosecution to question the alleged victims and to elicit testimony about a number of sexual acts without requiring it to tell the jury the specific acts on which it was relying to prove the allegations of the information. *The trial court did require the prosecution to elect the incidents on which it was relying but only after all of the evidence had been virtually introduced.*" (Italics added.)

The record is misstated. Upon Martinez' motion that the prosecutor elect the incidents relied upon, the prosecutor stated that the two complaining witnesses would testify as to the alleged criminal acts perpetrated upon them in chronological order, and that the first such act so testified to would, as to each count, be the incident relied upon. And at the conclusion of the prosecution's case, the trial court so advised the jury.

The prosecutor and the court had faithfully followed the rule recently reiterated in *People v. Diedrich* (1982) 31 Cal.3d 263, 281 [182 Cal. Rptr. 354, 643 P.2d 971], as follows: "'The state, at the commencement of the trial, should have been required to select the particular act upon which it relied to make good the allegation of the information. [And] when the case went to the jury, the court, in some form, should have directed their minds to the particular act ... which it was incumbent upon the state to establish ....'"

The instant contention is meritless.

■ II. Contention: "The trial court committed prejudicial and reversible error by admitting evidence of uncharged offenses through the testimony of the two prosecuting witnesses solely to corroborate their testimony."

Each of the complaining witnesses had been allowed to testify, over Martinez' objection, to a long series of sexual offenses which had been perpetrated against her.

Relying upon the rule announced in *People v. Stanley* (1967) 67 Cal.2d 812, 817-819 [63 Cal.Rptr. 825, 433 P.2d 913], Martinez contends that allowance of such testimony was error. The rule of *Stanley* was recently (1978) reiterated and condensed in *People v. Thomas*, 20 Cal.3d 457, 469 [143 Cal.Rptr. 215, 573 P.2d 433], as follows:

"In *People* v. *Stanley* . . ., we considered whether a defendant's prior conduct with the prosecuting witness should be admissible to show defendant's lewd disposition or intent toward that witness. We noted that evidence of other sex offenses 'between the parties' is ordinarily admitted 'as corroboration of the testimony introduced to prove the commission of the specific offense charged, . . .' . . . Distinguishing the cases on the basis of the source of the testimony, we concluded that when evidence of such other offenses comes from the mouth of the prosecuting witness, as in *Stanley*, then 'the trier of fact is not aided by evidence of other offenses where that evidence is limited to the uncorroborated testimony of the prosecuting witness.' . . . *Stanley* thus stands only for the proposition that the prosecuting witness cannot give testimony regarding defendant's prior sex offenses *with that witness*, for such evidence 'add[s] nothing to the prosecution's case . . . [and] involves a substantial danger of prejudice to defendant.'" (20 Cal.3d 469.)

But we observe that *Stanley* and *Thomas* prescribe no *absolute* rule. For in the above-noted context, *Stanley* further states:

"It would not be sound law, or serve the ends of justice, if the courts were to adopt rigid rules for the admission and exclusion of evidence of other crimes. . . . 'If both justice and predictability of decision are to be served, rigidity of tests of admission and exclusion, in our opinion, is not the answer. We believe that whenever the quarrel is between relevancy and the policy of the law to protect the accused against bias and prejudice likely to be engendered from the admission of relevant evidence, a balancing process must take place—a weighing of the probative value of the evidence offered against the harm it is likely to cause.' . . .

"While probative value and prejudice are not subject to absolute quantitative measurement, some of the pertinent guidelines may be identified. On the issue of probative value, materiality and necessity are important. The court should not permit the admission of other crimes until it has ascertained that the evidence tends logically and by reasonable inference to prove the issue upon which it is offered, that it is offered on an issue material to the prosecution's case, and is not merely cumulative." (67 Cal.2d 818-819.)

Under *Stanley* and *Thomas*, we consider that the trial court's allowance of the critical testimony was within its discretion. And we note that evidence of other offenses here perpetrated upon one complaining

witness corroborated similar testimony of the other complaining witness, a result expressly approved by *Stanley*.

We need not consider the argument that a rule such as is urged by Martinez would tend to encourage prosecutors in child molestation cases such as this, to separately charge every offense the child can call to mind, which as is well known, in many instances could result in dozens or even hundreds of such counts. Under existent law, each would apparently be a chargeable separate offense. And we are also aware of the argument that it is not in the interest of justice that an accused father such as Martinez be permitted to argue that his daughter's testimony to the effect that he had once, but never before and never since *according to the evidence*, perpetrated such a criminal act, is not to be believed. Such considerations, we opine, will best be left to the sound discretion confided in the trial court by *Stanley* and *Thomas*.

■ III. Contention: "The trial court erred in denying appellant probation by relying on a factor not present or at issue in the case."

The contention is based upon the trial court's following statement of reasons for denying probation at Martinez' sentencing proceedings: "The Court: All right. The record will reflect that I have read the report and recommendation from the Probation Department. I have also read the report from the doctors and the incidental letters that have been submitted. [¶] I am going to deny probation on the basis of the fact *that it involved multiple victims*, and that one witness was tempted to be dissuaded from testifying, and the nature of the crimes involved premeditation. . . ." (Our italics.)

Martinez' crimes, as indicated, were perpetrated against his two young daughters. He argues that the above-emphasized reason for denying probation "was clearly erroneous" under rule 421(a)(4) of the California Rules of Court, for "there was absolutely no evidence that any of the crimes involved more than one person." Rule 421 concerns "circumstances in aggravation," which include those where, "The crime involved multiple victims." Rule 414 states the "criteria affecting probation" which include the "circumstances of the crime," such as the number of offenses and victims. The criticized reason was proper under rule 414. Moreover, we are unpersuaded that it was somehow to Martinez' credit in determining whether he should be granted probation, that each of his three crimes was perpetrated upon one of his two daughters, instead of each having multiple victims. And, as noted, the

trial court's additional reasons for denying probation were that "one witness was tempted to be dissuaded from testifying, and the nature of the crimes involved premeditation." The order denying probation was properly grounded upon those reasons also. (See rules 408(a) and 414 (b)(5).) The instant contention is found frivolous.

The judgment is affirmed.

Racanelli, P. J., and Newsom, J., concurred.