[No. A025709. First Dist., Div. Three. Mar. 22, 1985.]

THE PEOPLE, Plaintiff and Respondent, v.
ALFRED CARL MOON, JR., Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Parts III, IV, and V are not certified for publication. (Cal. Rules of Court, rules 976(b) and 976.1.)

## COUNSEL

Philip H. Pennypacker, under appointment by the Court of Appeal, and Daniel Costello for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Thomas A. Brady and Charles J. James, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

SCOTT, J.—Appellant Alfred Carl Moon, Jr., was convicted by a jury of two counts of lewd conduct with a child under the age of 14 years (Pen. Code, § 288, subd. (a)), two counts of unlawful sexual intercourse (Pen. Code, § 261.5), and one count of molesting a child under the age of 18 (Pen. Code, § 647a). The principal issue in this appeal is whether, in light of *People* v. *Tassell* (1984) 36 Cal.3d 77 [201 Cal.Rptr. 567, 679 P.2d 1], the trial court erred in admitting evidence of several prior, not remote uncharged sexual offenses committed by appellant against the three prosecuting witnesses, to prove his disposition or intent toward each of those victims. We conclude that notwithstanding *Tassell,* the court did not err, and affirm the judgment.

I

Appellant lived with Donna H. and her three daughters. In September 1974, when he moved in, Marie H. was ten years old, Janenine was five, and Michaelle, three.

Marie, who was 19 at the time of the trial, testified that when she was 17, appellant had intercourse with her in her bedroom in November 1981, and in September or October of that same year.

Marie also testified that appellant first took a sexual interest in her shortly after he moved into the house, when she was 11. He woke her up, told her

there was something he wanted to teach her, and stuck his fingers into her vagina and rubbed her breasts. He fondled her on several other occasions; when she was about 13 or 14, he had intercourse with her. The acts of intercourse continued until she moved out of the house shortly after her 18th birthday. He also engaged in acts of oral copulation with her. Marie didn't tell anyone about any of these incidents until after she moved out when she told her aunt.

Janenine was 14 at the time of the trial. She testified that in August 1980, appellant came into her bedroom and put his mouth on her breast and shoved his fingers into her vagina. He continued to do this once or twice a month, including one day in January 1983, when she was home sick from school.[1]

Michaelle testified that on Thanksgiving, 1982, while appellant was sitting beside her on the couch wearing his robe, he grabbed her hand and made her rub his penis. Before that, there were occasions when he would fondle her breast and touch her vagina.

Donna H., the girls' mother, testified that after appellant was arrested, he telephoned her from jail and said, "I hope you understand what I have to do. I don't want to hurt the girls anymore. This must be very hard for you. It's very hard for me. I don't understand how I could have become so low as to do to them what I did. I don't want to hurt them anymore, but I don't believe the justice system is fair. . . ."

Appellant did not testify. In his behalf, one witness testified that Michaelle and Janenine did not have a good reputation for veracity; another witness testified that appellant had treated children well when he volunteered at a camp.

## II

First, appellant contends that the trial court erred when it allowed each of the three victims to testify as to evidence of prior sexual conduct with them other than the specific incidents with which he was charged. The trial court admitted the evidence of the uncharged offenses to show intent and "common design or plan." However, as we will discuss, the instructions given more narrowly limited the purpose for which the offenses could be considered.

---

[1]Janenine also testified that in June 1980, appellant took her and Michaelle on a camp-out; he gave her some beer, and got into a sleeping bag with her and climbed on top of her. The jury was unable to agree as to the charge of lewd conduct arising out of this testimony, and a mistrial was declared as to that count.

■ Evidence of prior conduct must be excluded under Evidence Code section 1101, subdivision (a), "if the inference it directly seeks to establish is solely one of propensity to commit crimes in general, or of a particular class. [Citation.]" (*People* v. *Alcala* (1984) 36 Cal.3d 604, 631 [205 Cal.Rptr. 775, 685 P.2d 1126].) However, this rule of exclusion does not apply to prior conduct, even if criminal, which is relevant to prove any facts material for the People, such as intent, identity, plan, motive, preparation, or opportunity, or to overcome any material matter sought to be proved by the defense. (*Ibid.*)

■ Courts have long held that in cases involving sex crimes, evidence of other, not too remote, sex offenses with the prosecuting witness is admissible because it is relevant to show a "lewd disposition or the intent of the defendant" toward that witness. (*People* v. *Sylvia* (1960) 54 Cal.2d 115, 119-120 [4 Cal.Rptr. 509, 351 P.2d 781] [defendant charged with sex offenses against B, age 12, and others; defendant denies conduct described by B; held: evidence of prior similar conduct against B admissible]; *People* v. *Brown* (1971) 14 Cal.App.3d 334, 344-347 [92 Cal.Rptr. 370]; *People* v. *Hefner* (1981) 127 Cal.App.3d 88, 98 [179 Cal.Rptr. 336].) In *People* v. *Barney* (1984) 143 Cal.App.3d 490 [192 Cal.Rptr. 172], the court explained the relevance of such evidence in a slightly different way. "[W]hen the uncharged offense evidences the emotion of sexual passion toward a particular individual the statutory exclusion [of Evid. Code, § 1101, subd. (a)] is inapplicable. (See *People* v. *Sylvia* (1960) 54 Cal.2d 115, 119-120 [4 Cal.Rptr. 509, 351 P.2d 781]; *People* v. *Stanley* (1967) 67 Cal.2d 812, 816 [63 Cal.Rptr. 825, 433 P.2d 913]; 2 Wigmore, Evidence (Chadbourne rev. ed. 1979) § 398, especially fn. 1, pp. 446-447 (Cal. cases collected).) Such evidence tends to prove defendant would act to realize his desire on the occasion of the charged offense (*id.,* at § 399) and is not dependent upon defendant's bad character or his disposition to do wrongful acts." (*Barney, supra,* at p. 494; accord *People* v. *Dunnahoo* (1984) 152 Cal.App.3d 561, 574 [199 Cal.Rptr. 796], hg. den.)

The rule is not absolute; an exception exists where the only prosecution evidence of the other offenses, as well as the only prosecution evidence as to the charged offenses, is the uncorroborated testimony of the prosecuting witness. Under those circumstances, the basic issue is the veracity of the witness and the defendant, and the trier of fact is not aided by the uncorroborated testimony of the prosecuting witness as to the prior offenses. (*People* v. *Dunnahoo, supra,* 152 Cal.App.3d at p. 574.)

■ This is not a case in which the only prosecution evidence was the testimony of a single victim. In contrast, each victim's testimony was corroborated by that of the others, and by the defendant's own admission to

the girls' mother. (See *People* v. *Stanley, supra,* 67 Cal.2d at p. 818; *People* v. *Martinez* (1982) 135 Cal.App.3d 819, 823-824 [185 Cal.Rptr. 610].) The jury was instructed that the evidence of acts of intercourse with Marie other than the acts charged were to be considered for the limited purpose of indicating appellant's "disposition or intent" toward her; a similar limiting instruction was given with respect to the uncharged lewd or lascivious acts. Accordingly, in light of all the foregoing authority, the evidence of the prior offenses was properly admitted.

■ However, it is also the rule that evidence of an uncharged offense can only be admitted if relevant to an issue actually in dispute. If an accused has not actually placed the ultimate fact, such as identity or intent, in issue, evidence of uncharged offenses may not be admitted to prove it. "The fact that an accused has pleaded not guilty is not sufficient to place the elements of the crimes charged against him 'in issue.' [Citation.]" (*People* v. *Thompson* (1980) 27 Cal.3d 303, 315 [165 Cal.Rptr. 289, 611 P.2d 883]; but see *People* v. *Archerd* (1970) 3 Cal.3d 615, 638-639 [91 Cal.Rptr. 397, 477 P.2d 421].) Because evidence of a prior sex offense against the prosecuting witness has been held to be admissible even where there is no issue of identity and no ambiguity about the proof of the defendant's intent (e.g., *People* v. *Sylvia, supra,* 54 Cal.2d 115), the rationale for its admissibility under such circumstances has been explained as showing the defendant's "common design or plan" toward that victim. (See *People* v. *Kelley* (1967) 66 Cal.2d 232 [57 Cal.Rptr. 363, 424 P.2d 947].)

In *People* v. *Tassell, supra,* 36 Cal.3d 77, decided several months after the trial in this case, defendant was convicted of rape and forcible copulation of B. Evidence of two prior sex offenses against other individuals was admitted to show "common design or plan" and to corroborate B's testimony. The defense was consent. (*Id.,* at pp. 80-82.)

After the Supreme Court frankly acknowledged that its pronouncements in the area of other crimes evidence have not been entirely consistent, it held that the prior offenses were not admissible under the circumstances of the case. (*Id.,* at pp. 83, 89.) The court reiterated the principle that evidence of other crimes must be relevant to an issue actually in dispute. (*Id.,* at p. 88.) Because the case presented no issue of identity, because there was no ambiguity in the proof of the defendant's intent, and because no rational argument could be made to support a contention that the three sex crimes were part of one larger plan, the common design or plan rationale was "merely a euphemism" for the defendant's disposition; therefore the evidence was inadmissible under that rationale. (*Id.,* at pp. 88-89.) The court also rejected the theory that the evidence was admissible solely to corroborate the prosecuting witness, absent some relevance to a disputed issue.

(*Id.*, at p. 87.) Finally, in a footnote, the *Tassell* court sweepingly disapproved of all cases inconsistent with the principle that evidence of other crimes must relate to an issue actually in dispute. (*Id.*, at p. 89, fn. 8.)

Obviously *Tassell* raises some question about the admissibility of uncharged sex offenses in a case such as this one, where there was no issue of identity and nothing equivocal about the People's proof of appellant's intent. However, it is equally obvious that *Tassell* involved the relevance of prior offenses against other individuals, not against the same victim. In *People* v. *Alcala, supra,* 36 Cal.3d 604, the Supreme Court noted that *Tassell* has effectively overruled the "separate rule" developed in sex cases that prior sex offenses may be admitted to show common plan, scheme, or design without further examination of their bearing on intent, identity, or any other disputed issue if those offenses are not too remote and are similar to the offense charged, *and are committed with persons similar to the prosecuting witness.* (*Id.*, at p. 634, fn. 18.) The court did not comment on the effect of *Tassell* on the admissibility of prior sex offenses against the prosecuting witness.

Furthermore, the *Tassell* court itself seemed to leave open the possibility that, in a proper case, prior sex offenses would be admissible on the theory that they and the charged offenses were part of a single plan. (See *People* v. *Tassell, supra,* 36 Cal.3d at pp. 88-89; see also *People* v. *Alcala, supra,* 36 Cal.3d at p. 634 [no contention in case that prior offenses were part of a "single conspiracy, conception, or plot of which the [charged and uncharged] incidents were . . . integral components"].) Therefore, absent express guidance from the Supreme Court, we cannot conclude that it has impliedly overruled *People* v. *Sylvia, supra,* 54 Cal.2d 115 and its progeny.[2]

Appellant also contends that the record does not indicate that the trial court weighed the probative value of his uncharged offenses against their prejudicial effect. We disagree.

---

[2]This case is complicated by the fact that it presents a scenario similar to that which the majority in *People* v. *Smith* (1983) 34 Cal.3d 251 [193 Cal.Rptr. 692, 667 P.2d 149] suggested was "highly unlikely to have occurred even once"—a case involving crimes which occurred both before and after the effective date of Proposition 8. (*Id.*, at p. 262.) The crime in *People* v. *Tassell, supra,* 36 Cal.3d 77 occurred before that date; therefore the court did not discuss the applicability, if any, of that measure on the question of the admissibility of other offenses. (*Id.*, at p. 82, fn. 1.) Since *Tassell,* at least one court has held that Proposition 8 did not eliminate Evidence Code section 1101. (*People* v. *Perkins* (1984) 159 Cal.App.3d 646, 649-650 [205 Cal.Rptr. 625]; but see *Tassell, supra,* at pp. 96-97 (conc. and dis. opn. of Richardson, J.).) However, in light of our conclusion that notwithstanding *Tassell,* the evidence was properly admitted, we need not consider the impact of Proposition 8 on this case.

Although the primary focus of appellant's motion to exclude his uncharged offenses was that they were not relevant, he did move to exclude them pursuant to Evidence Code section 352. ██ Thus the trial court was required to weigh the probative value of that evidence against its prejudicial effect, and the record must affirmatively indicate that the court discharged its statutory duty. (*People* v. *Leonard* (1983) 34 Cal.3d 183, 187-188 [193 Cal.Rptr. 171, 666 P.2d 28]; *People* v. *Green* (1980) 27 Cal.3d 1, 25 [164 Cal.Rptr. 1, 609 P.2d 468].) ██ Counsel and the court discussed the uncharged offenses at some length, and it is true that in denying appellant's motion, the court did not directly state that their probative value outweighed their prejudicial effect. However, the cases which the court cited in support of its ruling were *People* v. *Thomas* (1978) 20 Cal.3d 457 [143 Cal.Rptr. 215, 573 P.2d 433] and *People* v. *Martinez, supra,* 135 Cal.App.3d 819 which both discuss the court's obligation to engage in the mandatory weighing process in such cases. Accordingly, although the court should have articulated its reasoning more directly, we conclude that the record is sufficient to show affirmatively that the court did in fact weigh prejudice against probative value.

### III*

. . . . . . . . . . . . . . . . . . . . .

### VI

Judgment is affirmed.

White, P. J., and Anderson, J., concurred.

A petition for a rehearing was denied April 19, 1985, and appellant's petition for review by the Supreme Court was denied May 23, 1985.

---

*Part III of this opinion is not certified for publication. (See fn., *ante,* at p. 1074.)