[No. B002186. Second Dist., Div. Six. Aug. 24, 1984.]

THE PEOPLE, Plaintiff and Respondent, v.
RONALD PERKINS, Defendant and Appellant.

648

**COUNSEL**

Stanley Avram Goldman, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, William R. Weisman, Gary R. Hahn and Frederick Grab, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**GILBERT, J.**—Defendant Ronald Perkins appeals from a conviction of burglary. He contends that evidence of a prior uncharged offense was improperly admitted. Although we hold that the "Truth-in-Evidence" section of Proposition 8 does not abrogate Evidence Code section 1101, we con-

clude the trial court committed harmless error by admitting the prior offense, and therefore affirm the conviction.

## FACTS

On April 25, 1983, at 4 a.m., a car driven by Perkins, and containing codefendant Wilson, was stopped by two Los Angeles police officers. With Perkins' consent the officers searched the trunk of the car and discovered numerous items of women's clothing (with price tags still attached). After arresting Perkins and Wilson, a search of the car and Perkins' clothing revealed rolls of 15-cent postage stamps, currency, rolled coins, and costume jewelry. The following day the clothing and other evidence were identified by the owner of Fitzgerald's for Fashion, a Camarillo clothing store that had been burglarized sometime during the early morning hours of April 25. A criminologist with the Ventura County Sheriff's Department determined that the "jimmy" marks on the door of the clothing store were made with a screwdriver found in the trunk of the car.

Perkins was charged with burglary (Pen. Code, § 459) and receiving stolen property (Pen. Code, § 496). In addition, for enhancement purposes within the meaning of Penal Code section 667.5, subdivision (b), it was alleged that Perkins had suffered a prior felony conviction in 1980 for receiving stolen property. Out of the presence of the jury, Perkins admitted his prior conviction only for enhancement purposes.

On the day set for trial the prosecution moved to admit evidence of the circumstances surrounding the uncharged 1980 offense. The trial judge ruled that the evidence was admissible under Evidence Code section 1101, subdivision (b) and continued the trial until the following morning.

Perkins clothes his appeal in two arguments. He contends that the evidence of the prior offense was erroneously admitted, and that a continuance should have been granted when the trial court ruled to admit the prior offense.

## DISCUSSION

### I

We conclude that Evidence Code section 1101[1] remains viable under article I, section 28, subdivision (d) of the California Constitution, com-

---

[1]Evidence Code section 1101 provides: "(a) Except as provided in this section and in Sections 1102 and 1103, evidence of a person's character or a trait of his character (whether

monly known as the "Truth-in-Evidence" provision of Proposition 8.[2]

The text of the "Truth-in-Evidence" provision expressly preserves only three sections of the Evidence Code, sections 325, 782 and 1103. The retention of section 1103 also means the retention of section 1101. The Law Revision Commission comments to sections 1102 and 1103 refer to them as "exceptions (applicable only in criminal cases) to the general rule of section 1101 that character evidence is not admissible to prove conduct in conformity with that character." The text of 1103 states that the section exists as an exception to section 1101.[3] An interpretation of the "Truth-in-Evidence" provision that retains section 1103 but eliminates 1101 is contradictory. Section 1103 cannot exist as an exception to a nonexistent rule.

"The literal language of enactments may be disregarded to avoid absurd results and to fulfill the apparent intent of the framers." (*Amador Valley Joint Union High Sch. Dist.* v. *State Bd. of Equalization* (1978) 22 Cal.3d 208, 245 [149 Cal.Rptr. 239, 583 P.2d 1281].) Were we to hold that Proposition 8 abrogates section 1101 in criminal cases, we would be reaching just such an absurd construction.

---

in the form of an opinion, evidence of reputation, or evidence of specific instances of his conduct) is inadmissible when offered to prove his conduct on a specified occasion.

"(b) Nothing in this section prohibits the admission of evidence that a person committed a crime, civil wrong, or other act when relevant to prove some fact (such as motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident) other than his disposition to commit such acts.

"(c) Nothing in this section affects the admissibility of evidence offered to support or attack the credibility of a witness."

[2]Article I, section 28, subdivision (d) of the California Constitution provides as follows: "Right To Truth-In-Evidence. Except as provided by statute hereafter enacted by a two-thirds vote of the membership in each house of the Legislature, relevant evidence shall not be excluded in any criminal proceeding, including pretrial and post conviction motions and hearings, or in any trial or hearing of a juvenile for a criminal offense, whether heard in juvenile or adult court. Nothing in this section shall affect any existing statutory rule of evidence relating to privilege or hearsay, or Evidence Code, Sections 352, 782 or 1103. Nothing in the section shall affect any existing statutory or constitutional right of the press."

In *People* v. *Tassell* (1984) 36 Cal.3d 77, 82, footnote 1 [201 Cal.Rptr. 567, 679 P.2d 1], our Supreme Court did not rule on the effect of Proposition 8 on the admissibility of prior offenses, because the defendant's offenses for which he was convicted in that case predated the passage of Proposition 8.

[3]Evidence Code section 1103 provides in pertinent part: "In a criminal action, evidence of the character or a trait of character (in the form of an opinion, evidence of reputation, or evidence of specific instances of conduct) of the victim of the crime for which the defendant is being prosecuted is not made inadmissible by Section 1101 if such evidence is:

"(1) Offered by the defendant to prove conduct of the victim in conformity with such character or trait of character.

"(2) Offered by the prosecution to rebut evidence adduced by the defendant under paragraph (1)."

## II

The question of whether to admit evidence of the prior conviction was properly focused on Evidence Code section 1101, subdivision (b), but the evidence was improperly admitted. The People sought to introduce evidence of the prior conviction not to show that Perkins committed the instant offense, which would be disallowed by section 1101, subdivision (a), but rather to show Perkins' intent and knowledge under 1101, subdivision (b).

■ In *People* v. *Thompson* (1980) 27 Cal.3d 303 [165 Cal.Rptr. 289, 611 P.2d 883], our Supreme Court articulated three factors in determining the admissibility of an uncharged offense. They were: "(1) the *materiality* of the fact sought to be proved or disproved; (2) the *tendency* of the uncharged crime to prove or disprove the material fact; and (3) the existence of any *rule* or *policy* requiring the exclusion of relevant evidence." (*People* v. *Thompson, supra,* 27 Cal.3d at p. 315.) *Thompson* went on to define the first prong, materiality: "In order to satisfy the requirement of *materiality,* the fact sought to be proved may be either an ultimate fact in the proceeding [fn. omitted] or an intermediate fact 'from which such ultimate fact[] may be presumed or inferred.' [Fn. omitted.] [Citation.] Further, the ultimate fact to be proved must be 'actually in dispute.' [Citation.] If an accused has not 'actually placed that [ultimate fact] in issue,' evidence of uncharged offenses may not be admitted to prove it. [Citations.] The fact that an accused has pleaded not guilty is not sufficient to place the elements of the crimes charged against him 'in issue.' [Citation.]" (*People* v. *Thompson, supra,* 27 Cal.3d at p. 315.)

■ The People contend that knowledge and intent are elements of the charged crimes of receiving stolen property (*People* v. *Martin* (1973) 9 Cal.3d 687, 695 [108 Cal.Rptr. 809, 511 P.2d 1161], cert. den., 414 U.S. 1113 [38 L.Ed.2d 740, 94 S.Ct. 844]), and burglary (*People* v. *Conway* (1969) 271 Cal.App.2d 15, 18 [76 Cal.Rptr. 251]). This is true, but here the argument does not wear well because in this case intent and knowledge, though material, are ultimate facts. Under *Thompson,* if the *defendant* has not placed these facts in issue, evidence of uncharged offenses may not be admitted to prove them. The defendant's plea of not guilty is not sufficient to place the elements of the crime charged against the defendant in issue. (*People* v. *Thompson, supra,* 27 Cal.3d at p. 315; *People* v. *Scott* (1980) 113 Cal.App.3d 190, 199-200 [169 Cal.Rptr. 669]; *People* v. *Spencer* (1956) 140 Cal.App.2d 97, 105 [294 P.2d 997].)

In *Thompson,* the Supreme Court found that the defendant had in fact placed the element of intent in issue, based on defense counsel's argument to the jury. (*People* v. *Thompson, supra,* 27 Cal.3d at p. 318.) In the instant

case, the motion to admit the uncharged offense was made in limine, and was the first item disposed of by the trial court. No argument had been heard from either Perkins' attorney or counsel for codefendant Wilson that would have brought knowledge or intent into dispute. Therefore the granting of the motion was error.

If the defense had independently raised the issues of intent or knowledge, then the uncharged offense may have been admissible because an ultimate fact in the proceeding would have been placed in issue by the defendant. We cannot know whether this would have occurred in the instant case, because the prosecution initially moved to admit the evidence.

To reduce the possibility that an uncharged offense will be admitted to prove an element of the crime before that element is placed in issue, trial judges are advised to follow the procedure used by the trial judge in *People v. Scott, supra,* 113 Cal.App.3d 190. He instructed the prosecutor to avoid reference to an uncharged offense in his case in chief, but ruled that if the defense placed any ultimate facts into issue, he would consider allowing the prosecutor to use an uncharged offense in rebuttal. Evidence of the prior was admitted because the testimony of Scott's codefendant placed Scott's intent in issue, and Scott also testified.

Here, unlike the situation in *Scott,* neither Perkins nor his codefendant made an opening statement or presented a defense. Therefore, neither defendant brought into issue an element of the charged offenses. While it is true that Perkins' counsel addressed Perkins' lack of knowledge in his closing argument, by that time he was merely refuting the improper inferences raised by the admission of the uncharged offense.

■ Despite the erroneous admission into evidence of the uncharged offense we find its admission to be harmless error. (*People v. Watson* (1956) 46 Cal.2d 818 [299 P.2d 243].) The evidence against Perkins absent the uncharged offense was overwhelming. The stolen clothing was found in the automobile Perkins was driving only a few hours after the burglary had occurred. Rolls of 15-cent stamps taken from the clothing store were found in his pockets. The screwdriver used to open the door of the clothing store was found in the trunk of the car. The reasonable inferences to be drawn from this evidence only point to guilt, particularly in view of the absence of other evidence to rebut this strong inference. We therefore cannot say that in the absence of the contested evidence there is a reasonable probability that a result more favorable to Perkins would have been reached. (*People v. Watson, supra,* 46 Cal.2d 818, at p. 836.)

## III

Perkins' counsel suggested to the trial court that if the prior conviction were admitted he would recommend a motion for continuance to his client. Our examination of the record reveals that no such motion was made. In his discussion with the court he states "I am dovetailing a timeliness [*sic*] with what *may* be a motion for continuance . . . ."

The trial judge was sympathetic to counsel's need for a continuance. He stated, "I think if counsel is in a position not to go forward, counsel is in a position to a reasonable continuance because he is, in effect, going to have to try this 1980 case."

Since the trial court was disposed to grant a continuance, it might be inferred that the trial court granted a one-day continuance at defense counsel's request because the record fails to reflect an objection to the one-day continuance. ■ "Neither an accused nor a convicted person may remain silent in the face of a ruling and thereafter assert error by reason thereof." (*People* v. *Mitchell* (1949) 91 Cal.App.2d 214, 221-222 [205 P.2d 101].) The lack of objection to a continuance of only one day may have stemmed from defense counsel having the record of arrest and conviction of Perkins many weeks in advance of the motion to admit that evidence.

In view of our holding we need not address other issues raised by Perkins.

The judgment is affirmed.

Stone, P. J., and Abbe, J., concurred.

The petitions of both parties for a hearing by the Supreme Court were denied December 14, 1984.