[No. A032267. First Dist., Div. Four. Mar. 28, 1986.]

ROBERT CHRISTIAN NEWMAN, Petitioner, v.
THE SUPERIOR COURT OF ALAMEDA COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

James R. Jenner, Public Defender, Mark S. Smallen and Allan D. Hymen, Assistant Public Defenders, for Petitioner.

No appearance for Respondent.

John K. Van de Kamp, Attorney General, Ronald E. Niver and Christopher J. Wei, Deputy Attorneys General, for Real Party in Interest.

**OPINION**

**CHANNELL, J.**—In this case we address the question of whether the prosecution must try petitioner separately for offenses arising from the alleged rape of two women. The offenses were jointly charged and a motion to sever was made and denied after the preliminary hearing. This court denied a petition for writ of mandate challenging the denial of the motion to sever.

The Supreme Court granted a petition for hearing and directed this court to issue an alternative writ.

Petitioner is charged in a single information in counts 1, 2, and 3 with the rape (Pen. Code, § 261, subd. (2)),[1] forcible oral copulation (§ 288a) and assault (§ 245, subd. (a)(1)) of Karen K. on February 22, 1985. He is charged in counts 4 and 5 with the rape (§ 261, subd. (2)) and forcible oral copulation (§ 288a) of Monica R. on September 7, 1984. Counts 4 and 5 include an enhancement for the use of a knife (§ 12022.3). He moved to sever counts 1, 2 and 3 from counts 4 and 5.

The only testimony at the preliminary hearing was that of the two alleged victims. Monica R. testified that on September 7, 1984, she met petitioner, a slight acquaintance, at a bus stop and he offered her a ride home if she would come to his apartment to pick up his car. Once at the apartment, Ms. R. realized that petitioner was in no hurry to drive her home and she decided to leave. Petitioner, however, locked the door, told her he loved her and dragged her to the bedroom. She screamed repeatedly and was slapped and hit repeatedly. Petitioner pinned her down on the bed, told her that he would kill her if she continued to scream and at one point held a knife to her chin. At the conclusion of the incident which involved rape and oral copulation, petitioner allowed Ms. R. to leave the apartment. She ran to a gas station and the police were called. Petitioner told the police that Ms. R. had agreed to his sexual advances. However, when he told her he had a girlfriend, she refused to continue. This angered him and he told her to get out. He denied any assaultive behavior.[2]

The second alleged rape occurred on February 22, 1985. Karen K. testified that petitioner, who was a stranger to her, started talking to her on the street. They talked for about 30 minutes and she then gave him a ride to his apartment. They went in but when he made a pass at her, she tried to leave. Petitioner then attacked her, raping her and forcing her to orally copulate him. He stopped abruptly and apologized, blaming "the alcohol" for his actions. When Ms. K. arrived at her home, she bathed and douched, not initially intending to call the police. She changed her mind and about an hour later she notified the authorities. When petitioner spoke to the police upon his arrest, he told them Ms. K. came to his apartment so that he could make some phone calls to try and get cocaine for her. He was unable to obtain any cocaine. Eventually the two began kissing but Ms. K. resisted any further advances. An argument followed and petitioner ordered her from

---

[1]All statutory references are to the Penal Code unless otherwise indicated.

[2]Petitioner's statements to the police were contained in the police reports of both incidents and were attached to petitioner's motion to sever.

the apartment. He denied either sexual intercourse or oral copulation with Ms. K.

As petitioner recognizes, the groups of charges arising from these separate incidents were properly joined under section 954 which permits an accusatory pleading to charge "two or more different offenses of the same class of crimes or offenses." The same section, however, permits the trial court "in the interests of justice and for good cause shown" to exercise its discretion to order that the different offenses or counts be tried separately.[3]

In contending that respondent court abused its discretion in refusing to grant his motion to sever the charges involving Ms. R. from those involving Ms. K., petitioner relies here as he did below upon *Williams* v. *Superior Court* (1984) 36 Cal.3d 441 [204 Cal.Rptr. 700, 683 P.2d 699]. In *Williams* the court held that the trial court abused its discretion in denying a motion to sever charges involving two murders and set forth the steps which should be taken in reviewing a motion to sever.

"The initial step in any review of a motion to sever is to examine the issue of cross-admissibility of evidence. Since cross-admissibility would ordinarily dispel any possibility of prejudice (citations), we must inquire, had the severance motion been granted, would the evidence pertinent to one case have been admissible in the other under the rules of evidence which limit the use of character evidence or prior similar acts to prove conduct (Evid. Code, § 1101, subds. (a) and (b))." (*Williams, supra,* 36 Cal.3d at p. 448.)

In taking this first step, we conclude that the evidence would not be cross-admissible nor does the Attorney General contend otherwise. We come to this conclusion on the authority of *People* v. *Tassell* (1984) 36 Cal.3d 77 [201 Cal.Rptr. 567, 679 P.2d 1], in which the court held that evidence that the defendant had committed uncharged sex offenses against other victims was inadmissible simply to corroborate the prosecuting witness's testimony. The evidence could not come in to show a "common design or plan" where there was no disputed issue to which the evidence was relevant, such as the identity of the perpetrator of the offense. The situation in the instant case is

---

[3]Section 954 provides in relevant part: "An accusatory pleading may charge two or more different offenses connected together in their commission, . . . or two or more different offenses of the same class of crimes or offenses, under separate counts, and if two or more accusatory pleadings are filed in such cases in the same court, the court may order them to be consolidated. . . . [P]rovided, that the court in which a case is triable, in the interests of justice and for good cause shown, may in its discretion order that the different offenses or counts set forth in the accusatory pleading be tried separately or divided into two or more groups and each of said groups tried separately. . . ."

analogous to that in *Tassell.* Identity is conceded and the only issue is whether petitioner forced the women in each case to submit to his sexual acts. (See also *People* v. *Ogunmola* (1985) 39 Cal.3d 120 [215 Cal.Rptr. 855, 701 P.2d 1173].)

■ The court in *Tassell* did not consider the effect, if any, of Proposition 8 on the question of the admissibility of evidence of other offenses since the offenses in that case predated June 1982. (*Tassell, supra,* 36 Cal.3d at p. 82, fn. 1.) The question was considered in *People* v. *Perkins* (1984) 159 Cal.App.3d 646 [205 Cal.Rptr. 625] (hg. den.). The court in *Perkins* held that the "Truth-in-Evidence" provision of Proposition 8 (Cal. Const., art. I, § 28, subd. (d)), did not abrogate Evidence Code section 1101, which forbids the use of character evidence. The court reached its conclusion by consideration of the fact that the "Truth-in-Evidence" provision expressly preserved section 1103 of the Evidence Code. Section 1103 is an exception to section 1101 and cannot exist as an exception to a nonexistent rule. The court thus reasoned that the preservation of section 1101 was necessary to avoid an absurd construction.[4] (*Perkins, supra,* 159 Cal.App.3d at p. 650.)

■ Since, on the record before us and before the trial court on the motion to sever, the evidence of these two incidents would not be cross-admissible in separate trials, we reach the next stage in the *Williams* analysis of a motion to sever. This is consideration of two factors favoring joinder, i.e., needless harassment of the defendant and the waste of public funds. As in *Williams* neither factor would itself sustain denial of severance. Petitioner waived any concern over harassment by bringing the motion to sever. As to judicial economy and efficiency, we note not only that there would

---

[4]Evidence Code section 1101 provides:

"(a) Except as provided in this section and in Sections 1102 and 1103, evidence of a person's character or a trait of his character (whether in the form of an opinion, evidence of reputation, or evidence of specific instances of his conduct) is inadmissible when offered to prove his conduct on a specified occasion.

"(b) Nothing in this section prohibits the admission of evidence that a person committed a crime, civil wrong, or other act when relevant to prove some fact (such as motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident) other than his disposition to commit such acts.

"(c) Nothing in this section affects the admissibility of evidence offered to support or attack the credibility of a witness."

Evidence Code section 1103 provides in relevant part:

"(a) In a criminal action, evidence of the character or a trait of character (in the form of an opinion, evidence of reputation, or evidence of specific instances of conduct) of the victim of the crime for which the defendant is being prosecuted is not made inadmissible by Section 1101 if such evidence is:

"(1) Offered by the defendant to prove conduct of the victim in conformity with such character or trait of character.

"(2) Offered by the prosecution to rebut evidence adduced by the defendant under paragraph (1)."

be no duplication of evidence in severed trials, at least from the record before the trial court, but also that the Supreme Court in *Williams* puts little emphasis on this factor if the prejudice to the defendant is such as to deny a defendant his right to a fair trial. (*Williams, supra,* 36 Cal.3d at pp. 451-452.)

■ This brings us to the final stage in considering a motion to sever which is an analysis of the particular circumstances of the individual case which bears on whether the defendant can receive a fair trial if the charges are joined. (36 Cal.3d at p. 452.) ■ In *Williams* the court found factors in addition to the lack of cross-admissibility, which alone does not require severance. ■ First, the court noted the fact that there was an element—evidence of gang membership—which might have an inflammatory effect on the jury. The court also stressed that if a "weak" case has been joined with a "strong" case, or with another "weak" case, the "spillover" effect of aggregate evidence on several charges might well alter the outcome of some or all and found that factor in the case before it. Finally the court noted that any one of the crimes charged carried a death penalty. (*Williams, supra,* 36 Cal.3d at pp. 452-454; see also *Coleman* v. *Superior Court* (1981) 116 Cal.App.3d 129, 139-140 [172 Cal.Rptr. 86].)

Petitioner suggests that the joint action in his case represents a "weak" case joined with a "strong" case because the prosecution offered no evidence to substantiate the testimony of Ms. R. that she screamed and was slapped and hit repeatedly in the face. He points to the fact that the door of one of the neighboring apartments was open. The two cases, however, can reasonably be viewed as very similar in strength—both supported at the preliminary hearing by the testimony of the complaining witnesses who positively identified petitioner and gave rational unimpeached accounts of the incidents in which they were involved. On a motion to sever, the trial court may assume that the jury will be correctly instructed (*People* v. *Balderas* (1985) 41 Cal.3d 144, 175 [222 Cal.Rptr. 184, 711 P.2d 480]), and that the prosecutor's arguments will be monitored by the defense to prevent improper argument (compare *People* v. *Stewart* (1985) 165 Cal.App.3d 1050, 1057, fn. 9 [212 Cal.Rptr. 90]). Considering the fact that the cases are not factually complicated and that there is no duplication of evidence to confuse the jury, the danger that the jury will aggregate the evidence is minimized.

Petitioner contends that the fact that these are sexual offenses will have an inflammatory effect on the jury. While rape is an offense as to which the public has properly shown great concern, the trial court could well say as did the Supreme Court of the crimes in *Balderas:* "By the sad standards of

the 1970's and 1980's, they were not particularly brutal, repulsive, or sensational." (41 Cal.3d at p. 174.)

Petitioner contends that joinder will prevent him from testifying as to one incident without testifying as to both and thus prejudice the exercise of a basic right. His contention in this regard is entirely speculative. He made no commitment to testify in either case and no offer of proof as to the nature of the testimony he might wish to give. Assuming he wishes to testify consistently with the information in the police reports, he suggests no reason why he would be unwilling to testify as to both incidents if he would be willing to testify as to one. The cases he cites are all cases involving the dilemma of a person wishing to testify who must risk the introduction of a prior conviction to do so. That dilemma is only relevant here if the cases are, in fact, severed for then the first tried will result, if petitioner is convicted, in a prior, admissible if petitioner chooses to testify in the second case. (*People* v. *Castro* (1985) 38 Cal.3d 301, 306 [211 Cal.Rptr. 719, 696 P.2d 111].) Even if the cases are severed, petitioner would have no control as to which would be tried first.

Petitioner notes that if convicted of rape against both women he will be subject to the fully consecutive sentences provided for by the Legislature in section 667.6.[5] ■ The court in *Williams* explained that joinder must be viewed with particular scrutiny in a capital case "[C]arrying the gravest possible consequences" (*Williams, supra,* 36 Cal.3d at p. 454), and the Attorney General argues that this standard of scrutiny is inapplicable since all offenses involved here are noncapital offenses. ■ Whether petitioner is convicted of the offenses with which he is charged in separate trials or in a joint trial, he will be subject to the sentencing provisions of section 667.6. The joinder only increases the risk of the consecutive punishments to the extent it increases the likelihood of conviction.

As to the likelihood of conviction, petitioner urges this court to recognize the prejudice inherent in any joint trial where there is no cross-admissibility of evidence and where identical offenses are joined. It would be foolhardy,

---

[5]Section 667.6 provides in relevant part: "(d) A full, separate, and consecutive term shall be served for each violation of subdivision (2) or (3) of Section 261, Section 264.1, subdivision (b) of Section 288, Section 289, or of committing sodomy or oral copulation in violation of Section 286 or 288a by force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person if the crimes involve separate victims or involve the same victim on separate occasions.

"The term shall be served consecutively to any other term of imprisonment, and shall commence from the time the person would otherwise have been released from imprisonment. The term shall not be included in any determination pursuant to Section 1170.1. Any other term imposed subsequent to that term shall not be merged therein but shall commence at the time the person would otherwise have been released from prison."

of course, to suggest that there will not be some danger of prejudice in joint trials. However, by its decisions subsequent to *Williams,* the Supreme Court has dispelled any argument that a severance is *always* required where cross-admissibility of evidence does not exist even where capital offenses are involved and identical crimes against separate individuals are joined. *(Balderas, supra,* 41 Cal.3d at p. 173; *People* v. *Walker* (1985) 41 Cal.3d 116, 130 [222 Cal.Rptr. 169, 711 P.2d 465].)

"Determination of a severance issue is 'a highly individualized exercise, necessarily dependent upon the particular circumstances of each individual case.' *(Williams, supra,* 36 Cal.3d at p. 452.)" *(Balderas, supra,* 41 Cal.3d at p. 173.) It is the burden of a defendant to make a clear showing of prejudice to the trial court whose decision will not be overturned unless that discretion has been abused. *(Id.,* at p. 171; *Walker, supra,* 41 Cal.3d at p. 130; *Williams, supra,* 36 Cal.3d at p. 447.)

We find no abuse of discretion in the instant case. The petition for writ of mandamus is denied and the alternative writ is discharged.

Anderson, P. J., concurred.

**POCHÉ, J.**—I reluctantly concur in the result in light of the recent decision of *People* v. *Balderas* (1985) 41 Cal.3d 144, 171-177 [222 Cal.Rptr. 184, 711 P.2d 480], which has, in my view, watered down *Williams* v. *Superior Court* (1984) 36 Cal.3d 441 [204 Cal.Rptr. 700, 683 P.2d 699], to the point that no longer will trial court decisions on severance motions be subject to any genuine appellate review. Instead, such decisions will be upheld on the basis of boilerplate paragraphs.

That is not to say that I believe that due process will be served by trying these unrelated, and not-cross-admissible, rape charges together, or that judicial economy is served by a consolidated trial: the evidence simply is not overlapping. What is foreseeable is that defendant will be convicted on both crimes so long as the evidence on one is convincing. I have a hard time squaring that with the notion of a due process right to a fair trial, but after *Balderas,* such notions are irrelevant. *Balderas* makes *Williams* either a sport in the law or a case limited to its facts. In either event the California Supreme Court has spoken authoritatively.

Petitioner's application for review by the Supreme Court was denied June 20, 1986.