[No. C001104. Third Dist. Aug. 27, 1987.]

THE PEOPLE, Plaintiff and Respondent, v.
CARL EDWARD SCOTT, Defendant and Appellant.

[Opinion certified for partial publication.*]

*See footnote, *post,* page 551.

**COUNSEL**

Frank O. Bell, State Public Defender, under appointment by the Court of Appeal, and Harvey R. Zall, Chief Deputy State Public Defender, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, W. Scott Thorpe and Clayton S. Tanaka, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**BLEASE, Acting P. J.—**

*Introduction*

Evidence Code section 1101 forbids the use of evidence of uncharged criminal offenses to besmirch a defendant's character to prove his conduct on the occasions charged. In the published portion of this opinion,\* we hold that the validity of Evidence Code section 1101 is unimpaired by article I, section 28, subdivision (d), of the California Constitution (hereafter section 28(d)) because it was subsequently reenacted and made enforceable by a two-thirds vote of the Legislature.

In the unpublished portion of this opinion we decide that an error in admitting evidence of uncharged offenses in violation of Evidence Code

---

\* The Reporter of Decisions is directed to publish only the Introduction, part I of the Discussion and the Disposition of this opinion. In all other respects the opinion is not to be published.

section 1101 was prejudicial. Essentially, the only admissible evidence supporting the five charged offenses of sexual molestation of a child (Pen. Code, § 288, subd. (b)) was the testimony of the prosecutrix who was significantly impeached by defense evidence. Evidence of uncharged sexual offenses upon the prosecutrix and two other children was admitted for the purpose of shoring up the credibility of the prosecutrix and other witnesses in violation of section 1101. The error was exacerbated by an erroneous instruction which told the jury that it could consider the prior uncharged offenses *only* for the purpose of judging the credibility of the witnesses. Accordingly, we shall reverse the judgment.

FACTS*

. . . . . . . . . . . . . . . . . . . .

DISCUSSION

I

█ Defendant contends that the trial court erred in overruling objections to the admissibility of evidence of uncharged sexual offenses in the form of testimony and prior inconsistent statements of the prosecutrix and her siblings. That objection is founded upon Evidence Code section 1101.[1] It has long been the law that section 1101 precludes the admission of evidence of uncharged sexual offenses committed by an accused whether given by the prosecutrix or others, when it is admitted for the sole purpose of corroborating the testimony of the complaining witness. (See *People* v. *Stanley* (1967) 67 Cal.2d 812, 817, 819-820 [63 Cal.Rptr. 825, 433 P.2d 913]; see also *People* v. *Scott* (1978) 21 Cal.3d 284, 297 [145 Cal.Rptr. 876, 578 P.2d 123]; see also *People* v. *Tassell* (1984) 36 Cal.3d 77, 89, 89, fn. 8 [201 Cal.Rptr. 567, 679 P.2d 1].)

The People seek to circumvent this law, claiming that Evidence Code section 1101 has been preempted by section 28(d). It provides, with perti-

---

*See footnote, *ante,* page 551.

[1] Evidence Code section 1101 provides: "(a) Except as provided in this section and in Sections 1102 and 1103, evidence of a person's character or a trait of his or her character (whether in the form of an opinion, evidence of reputation, or evidence of specific instances of his or her conduct) is inadmissible when offered to prove his or her conduct on a specified occasion. [¶] (b) Nothing in this section prohibits the admission of evidence that a person committed a crime, civil wrong, or other act when relevant to prove some fact (such as motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, or whether a defendant in a prosecution for an unlawful sexual act or attempted unlawful sexual act did not reasonably and in good faith believe that the victim consented) other than his or her disposition to commit such an act. [¶] (c) Nothing in this section affects the admissibility of evidence offered to support or attack the credibility of a witness."

nent exceptions to be noted, that "relevant evidence shall not be excluded in any criminal proceeding . . . ."[2] The People impliedly assert that, absent the proscriptions of Evidence Code section 1101, the evidence of prior uncharged offenses admitted in this case is "relevant" to prove the likelihood that because of the defendant's propensity to engage in sexual misconduct he did so on the occasions charged in the information. Accordingly, section 28(d) directs its admissibility. For purposes of analysis, we assume this to be the case.

However, section 28(d) explicitly excepts from its purview Evidence Code section 1103, though not section 1101.[3] *People v. Perkins* (1984) 159 Cal.App.3d 646 [205 Cal.Rptr. 625] seizes upon the anomaly that, because section 1103 is (rather contains) an exception to section 1101, it would make no sense to except the one without excepting the other. "Section 1103 cannot exist as an exception to a nonexistent rule." (*Id.,* at p. 650.) Accordingly, *Perkins* held that section 1101, as an implied exception to section 28(d), was not in conflict with it and so may be enforced. (Accord, *Newman*

---

[2] Section 28(d) provides: "(d) Right to Truth-in-Evidence. Except as provided by statute hereafter enacted by a two-thirds vote of the membership in each house of the Legislature, relevant evidence shall not be excluded in any criminal proceeding, including pretrial and post conviction motions and hearings, or in any trial or hearing of a juvenile for a criminal offense, whether heard in juvenile or adult court. Nothing in this section shall affect any existing statutory rule of evidence relating to privilege or hearsay, or Evidence Code, Sections 352, 782, or 1103. Nothing in this section shall affect any existing statutory or constitutional right of the press."

This initiative was adopted by the People as Proposition 8 on June 8, 1982.

[3] Evidence Code section 1103 provides: "(a) In a criminal action, evidence of the character or a trait of character (in the form of an opinion, evidence of reputation, or evidence of specific instances of conduct) of the victim of the crime for which the defendant is being prosecuted is not made inadmissible by Section 1101 if such evidence is: [¶] (1) Offered by the defendant to prove conduct of the victim in conformity with such character or trait of character. [¶] (2) Offered by the prosecution to rebut evidence adduced by the defendant under paragraph (1). [¶] (b)(1) Notwithstanding any other provision of this code to the contrary, and except as provided in this subdivision, in any prosecution under Section 261 or 264.1 of the Penal Code, or under Section 286, 288a, or 289 of the Penal Code, or for assault with intent to commit, attempt to commit, or conspiracy to commit a crime defined in any such section, except where the crime is alleged to have occurred in a local detention facility, as defined in Section 6031.4, or in a state prison, as defined in Section 4504, opinion evidence, reputation evidence, and evidence of specific instances of the complaining witness' sexual conduct, or any of such evidence, is not admissible by the defendant in order to prove consent by the complaining witness. [¶] (2) Paragraph (1) shall not be applicable to evidence of the complaining witness' sexual conduct with the defendant. [¶] (3) If the prosecutor introduces evidence, including testimony of a witness, or the complaining witness as a witness gives testimony, and such evidence or testimony relates to the complaining witness' sexual conduct, the defendant may cross-examine the witness who gives such testimony and offer relevant evidence limited specifically to the rebuttal of such evidence introduced by the prosecutor or given by the complaining witness. [¶] (4) Nothing in this subdivision shall be construed to make inadmissible any evidence offered to attack the credibility of the complaining witness as provided in Section 782. [¶] (5) As used in this section, 'complaining witness' means the alleged victim of the crime charged, the prosecution of which is subject to this subdivision."

v. *Superior Court* (1986) 179 Cal.App.3d 377, 382 [224 Cal.Rptr. 538].) Whatever the merits of this reasoning,[4] we perceive another ground for the continued enforceability of section 1101.

Section 28(d) establishes a rule for the admissibility of evidence in criminal cases which supersedes conflicting rules of judicial or legislative origin. However, it empowers the Legislature to escape its binding effect by means of a "statute hereafter enacted by a two-thirds vote of the membership in each house of the Legislature . . . ." This limits the preemptive effect ordinarily given a rule of constitutional law by subjecting it to the superseding effect of a statutory enactment, suitably passed. This route was employed in 1986, when the Legislature, by well over a two-thirds vote of each House (39-0 in the Senate, 80-0 in the Assembly), effected a reenactment of section 1101 by an amendment adopted for the express purpose of clarifying the interpretation given Evidence Code section 1101 by the *Tassell* case, *supra,* 36 Cal.3d 77. (Stats. 1986, ch. 1432.)

Because section 28(d) empowers the Legislature to enact superseding legislation by statute, it implicitly recognizes that the legal effect of its action shall be determined by the usual rules applicable to statutes. The amendment of a statute ordinarily has the legal effect of reenacting (thus enacting) the statute as amended, including its unamended portions. "A section of a statute may not be amended unless the section is re-enacted as amended." (Cal. Const., art. IV, § 9; cf. Gov. Code, § 9605.) The legal effect of an amendment is governed by Government Code section 9605. "[It] establishes a statutory rule for interpreting legislative intent when a statute

---

[4] What undergirds the *Perkins* reasoning (albeit sub silentio) is a resolution of a conflict between two *judicial* rules of construction. The first says that "[e]xclusions must be strictly construed. . . . [W]hen a statute expresses certain exceptions to a general rule, other exceptions are necessarily excluded." (*Collins* v. *City & Co. of S. F.* (1952) 112 Cal.App.2d 719, 731 [247 P.2d 362].) The second says that an enactment shall be read if possible to give effect to all of its language so as to preclude redundancy. (See, e.g., *Turner* v. *Board of Trustees* (1976) 16 Cal.3d 818, 826 [129 Cal.Rptr. 443, 548 P.2d 1115].) Application of the first rule would preempt section 1101 since section 28(d) facially applies to all statutes which restrict the admissibility of relevant evidence in "criminal proceedings" except those specified and Evidence Code section 1101 is not one of them. However, to do so would make the explicit exception of section 1103 redundant because, as *Perkins* observes, section 1103 is itself an exception to section 1101. This conclusion is overdrawn since, although subdivision (a) is an explicit exception to section 1101, subdivision (b) of section 1103 is not because it independently renders specified relevant evidence inadmissible. However, section 28(d) makes no distinction between subdivisions (a) and (b). Thus, to give effect to the exception of section 1103 in its entirety so as to preclude the superfluity of subdivision (a), impels the *implication* that section 1101 is also excepted from section 28(d). By this reasoning, *Perkins* in effect has chosen one rule of *judicial* construction in preference to a conflicting rule. That we call this necessary choice amongst rules for judicial sensemaking "legislative intent" merely shows what is meant by that term. (See *In-Home Supportive Services* v. *Workers' Comp. Appeals Bd.* (1984) 152 Cal.App.3d 720, 739 [199 Cal.Rptr. 697].)

is amended. That section specifies: 'Where a section or part of a statute is amended, it is not to be considered as having been repealed and reenacted in the amended form. The *portions which are not altered are to be considered as having been the law from the time they were enacted . . . .*' " (*In re Lance W.* (1985) 37 Cal.3d 873, 895 [210 Cal.Rptr. 631, 694 P.2d 744]; italics in the original; citation omitted.)

This rule was invoked by counsel in *In re Lance W., supra,* as effecting the reenactment of a statutory exclusionary rule superseding section 28(d). The court held that section 28(d) abrogated the exclusionary remedy for illegal searches and seizures except as "exclusion is required by the United States Constitution . . . ." (37 Cal.3d at p. 890.) Thus the conflicting rule of Penal Code section 1538.5, subdivision (a), which provided for the suppression of evidence seized in violation of "state constitutional standards," was preempted. Nonetheless, it was claimed that, by virtue of the unrelated procedural amendments to section 1538.5 enacted shortly after the adoption of section 28(d), subdivision (a) "was reenacted as it was originally adopted in 1967 . . . and applied prior to the adoption of section 28(d)." (*Id.,* at p. 893.) The court rejected the argument.

The amendments were contained in two bills, Assembly Bill No. 2984 and Senate Bill No. 1744, which were considered in the same session of the Legislature and passed within days of each other. The court did say that Government Code section 9605 was "not . . . inapplicable" to these measures. (37 Cal.3d at p. 895.) However, the court found that section 9605 did not effect the reenactment of the exclusionary rule of subdivision (a) of Penal Code section 1538.5 because a condition appended to Senate Bill No. 1744 provided that it did " 'not create any new grounds for exclusion of evidence that did not exist prior to this act.' " (*In re Lance W., supra,* 37 Cal.3d at p. 894.) Since section 28(d) was by then the law, it is clear that the purpose of this condition was to forestall the contrary effect which Government Code section 9605 would otherwise have achieved by operation of law. Assembly Bill No. 2984, which took effect after Senate Bill No. 1744, did not explicitly contain the defeasing condition. However, as the court noted, the Assembly bill "included a provision that it was not to go into effect unless Senate Bill No. 1744 was approved and chaptered first." (*Ibid.*) It also noted that the Legislature was informed that the purpose of Assembly Bill No. 2984 was to make " 'clean-up amendments to . . . [SB] 1744 . . . .' " (*Id.,* at p. 894, and fn. 14.) Because the measures were thus linked the court said that the Assembly Bill was intended to " 'reenact[ ]' not the law as it was before Proposition 8, but the law . . . of the most recent prior amendment," Senate Bill No. 1744, which contained the limiting condition. (37 Cal.3d at p. 895). The implication embedded in this reasoning is that

had Senate Bill No. 1744 not been conditioned by a provision which nullified the effect of Government Code section 9605, the exclusionary rule of Penal Code section 1538.5, subdivision (a), would have been restored as it "applied prior to the adoption of section 28(d)."

No such condition was appended to the measure amending Evidence Code section 1101. Indeed, as we next show, it would have made no sense to do so given the stated purpose of the amendment. Accordingly, by amending section 1101 the enforceability of "the [unamended portions of the] law as it was . . . on . . . the date of the most recent prior amendment" was restored. (*In re Lance W., supra,* 37 Cal.3d at p. 895.) That is the law of section 1101 as it applied from the date of its original enactment in 1965. (Stats. 1965, ch. 299, § 2.)

This precise effect was presupposed by the Legislature in amending Evidence Code section 1101. The amendment excepted from the restrictions of section 1101 evidence relevant to show "whether a defendant in a prosecution for an unlawful sexual act . . . did not reasonably and in good faith believe that the victim consented . . . ." The legislation was accompanied by the statutory declaration that "[i]t is the intent of the Legislature in enacting this act to *clarify* the holding in *People* v. *Tassell,* 36 Cal.3d 77" so as to reject any inference that Evidence Code section 1101 barred evidence on "the issue of defendant's reasonable and good faith belief that the victim consented . . . ." (Stats. 1986, ch. 1432, § 2.) This declaration presupposes the validity of *Tassell* and its interpretation of Evidence Code section 1101, except as qualified by the amendment. Since *Tassell* involved the law preceding the enactment of section 28(d), we give effect to the intention embedded in the presupposition by applying the unamended provisions of Evidence Code section 1101 to events which preceded its enactment. "[W]hatever is necessarily implied in a statute is as much a part of it as that which is expressed." (*Johnston* v. *Baker* (1914) 167 Cal. 260, 264 [139 P. 86]; *Southern Pacific Transportation Co.* v. *State Bd. of Equalization* (1987) 191 Cal.App.3d 938, 950 [237 Cal.Rptr. 191].)[5]

---

[5]This conclusion is not weakened by the consideration that the amendment to Evidence Code section 1101 may have been premised upon an assumption that section 1101 was not impaired by section 28(d). In reading a statute we ascribe to the Legislature the knowledge of the existing law, including the law bearing upon statutory construction. "The adopting body is presumed to be aware of existing laws and judicial construction thereof . . . ." (*In re Lance W., supra,* 37 Cal.3d at p. 890, fn. 11.) The Legislature is thus charged with knowledge of section 28(d), its applications and exceptions, the case law interpreting it, including *In re Lance W.* (and its invocation of Gov. Code, § 9605) and the fact that *Tassell*'s reading of section 1101 was predicated upon events which preceded the enactment of section 28(d). (See *People* v. *Tassell, supra,* 36 Cal.3d at p. 96; dis. opn. of Richardson, J.).

II-IV*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

*Disposition*

The judgment is reversed.

Sparks, J., and Roberts, J.,† concurred.

---

*See footnote, *ante,* page 551.
†Assigned by the Chairperson of the Judicial Council.