Filed 1/3/22  P. v. Rexroat CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　　v.<br><br>STEVEN EARL LEE REXROAT,<br><br>　　Defendant and Appellant. | F080304<br><br>(Super. Ct. No. F19902301)<br><br><br>**OPINION** |

## THE COURT*

APPEAL from a judgment of the Superior Court of Fresno County.  Jonathan M. Skiles, Judge.

Stephanie L. Gunther, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Lewis A. Martinez and Jennifer Oleksa, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*　　　Before Smith, Acting P. J., Snauffer, J. and DeSantos, J.

Defendant Steven Earl Lee Rexroat was convicted of unlawful driving of a vehicle. On appeal, he argues that the trial court abused its discretion in admitting the arresting officer's propensity testimony regarding the potentially stolen motorcycle parts found in the back of the vehicle defendant was driving. The People disagree, responding that defendant forfeited his objection, the trial court did not abuse its discretion, and any error was harmless. We affirm.

## PROCEDURAL SUMMARY

On August 5, 2019, the Fresno County District Attorney filed a consolidated information charging defendant with three counts of unlawful driving of a vehicle (Veh. Code, § 10851, subd. (a); counts 1, 2, & 3), one count of misdemeanor possession of a device for smoking a controlled substance (Health & Saf. Code, § 11364; count 4), and one count of misdemeanor possession of burglar's tools (Pen. Code, § 466;[1] count 5).[2] As to counts 1 through 3, the consolidated information further alleged defendant had suffered prior convictions for theft offenses involving a vehicle (§ 666.5). As to counts 2, 3, and 5, the consolidated information alleged that defendant committed the offenses while on release from custody on bail (§ 12022.1). As to all counts, the consolidated information alleged that defendant had served 7 prior prison terms (former § 667.5, subd. (b)).

---

[1] All further statutory references are to the Penal Code unless otherwise stated.

[2] The counts and enhancements listed in this opinion reflect the consolidated information as modified by the August 7, 2019 amendment by interlineation. The consolidated information originally alleged three counts of receiving a stolen vehicle (§ 496d, subd. (a)), alleged that defendant unlawfully drove *or took* the vehicles at issue in counts 1 through 3, and alleged that the vehicles at issue in counts 1 through 3 and the receiving stolen vehicle counts exceeded $950 in value (§ 490.2, subd. (a)). On August 7, 2019, the consolidated information was amended by interlineation on the People's motion to dismiss the section 496d counts, strike the value allegations as to counts 1 through 3 and strike the portion of counts 1 through 3 that originally alleged that defendant unlawfully *took* the vehicles at issue.

2.

On August 15, 2019, the jury found defendant guilty on count 1, but not guilty on count 4. The jury did not reach a verdict on counts 2, 3, and 5 and the trial court declared a mistrial on those counts.

On September 25, 2019, the trial court dismissed counts 2, 3, and 5 and struck the on-bail enhancements on its own motion. On the same date, defendant admitted having served four prior prison terms. The remainder of the prior prison term allegations were dismissed.

On October 24, 2019, the trial court struck the prior prison term enhancements in light of the changes to the law that would be caused by Senate Bill No. 136 (2019–2020 Reg. Sess.). The court then imposed and suspended a three-year term of imprisonment (the upper term) on count 1, and granted defendant probation. As a term of probation, the court ordered defendant to serve one year in jail, which could be served instead at a yearlong inpatient drug rehabilitation program.

On November 12, 2019, defendant filed a notice of appeal.

## FACTUAL SUMMARY

On March 20, 2019, Alexandra H. noticed that her Honda Civic was gone. She still had the keys and had not given permission for anyone to drive the vehicle.

On March 27, 2019, Fresno Police Officer Robert Boatright was on patrol duty. He saw a silver Honda Civic without a front license plate. He pursued the vehicle but momentarily lost sight of it. He soon found the vehicle parked at a residence and saw defendant exit the front driver side door. A female passenger also sat in the vehicle. Boatright contacted defendant. Boatright's partner compared the license plate on the vehicle with the vehicle identification number (VIN) and found that the vehicle was reported stolen.

Fresno Police Detective Brent Garcia was assigned to the Career Criminal Auto Theft Team. He was dispatched to the call regarding the stolen silver Honda Civic. He observed that the rear license plate did not belong to the silver Honda Civic. He

3.

explained that "auto thieves typically use stolen license plates or … license plates from different vehicles to hide the identity of the current stolen vehicle they[ are] driving." That practice was most commonly done with the rear license plate. Garcia also found a "Chevrolet shaved key" in the ignition of the silver Honda Civic. He explained that vehicle thieves shave down the "ridges and edges" of vehicle keys so they can be used to unlock and start "older-model" vehicles. Garcia further testified that he noticed "a broken down … motorcycle in the back seat and trunk" of the silver Honda Civic. He explained that "[i]t caught [his] attention because it's—stolen motorcycles are typically broken down for the purposes of selling … parts."[3]

## DISCUSSION

Defendant's sole argument on appeal is that the trial court abused its discretion in admitting evidence regarding the motorcycle parts discovered in the back seat of the silver Honda Civic. He contends that the purpose for which the evidence was admitted—showing Garcia's state of mind; specifically, to show why the motorcycle parts caught Garcia's attention—was irrelevant to the charges. The only purpose for the evidence, defendant contends, was to serve as impermissible evidence of defendant's propensity to possess stolen vehicles. The People contend that the defendant forfeited his argument regarding the impermissible propensity inference by not objecting on that basis at trial. Alternatively, the People contend that the trial court did not abuse its discretion by admitting the evidence, and in any event, any error was harmless. We agree with the People that the trial court did not abuse its discretion and, in any event, any error was harmless.

---

[3] Defendant objected to the admission of that testimony on relevance grounds. The trial court admitted the testimony, explaining that it was "received just to explain why it caught [Garcia's] attention. It[ was] received for that limited purpose."

4.

### A. Forfeiture

The People contend that defendant's objection to the motorcycle parts testimony on the grounds that it was irrelevant was inadequate to preserve his argument that the only purpose for the evidence was the improper inference that defendant had the propensity to commit vehicle theft offenses. We disagree.

Ordinarily, "[a] party forfeits the right to claim error as grounds for reversal on appeal when he or she fails to raise the objection in the trial court." (*In re N.O.* (2019) 31 Cal.App.5th 899, 935; see Evid. Code, § 353; *People v. Clark* (1992) 3 Cal.4th 41, 125–126 ["In the absence of a timely and specific objection on the ground sought to be urged on appeal, the trial court's rulings on admissibility of evidence will not be reviewed."].) That principle is applicable to claims of erroneous admission of evidence as well as constitutional claims. (§ 1259; *People v. McCullough* (2013) 56 Cal.4th 589, 593; *In re Sheena K.* (2007) 40 Cal.4th 875, 880–881.) "There are exceptions to this general rule, however, and courts of review have the discretion to consider an issue notwithstanding the failure to object." (*People v. Montes* (2021) 59 Cal.App.5th 1107, 1117–1118.)

Here, defendant objected to the admission of the stolen motorcycle parts evidence on the ground that it was irrelevant. On appeal, defendant maintains his objection that the evidence was not relevant to the charges and the only purpose for which that evidence could conceivably have been considered was for its impermissible propensity inference. Defendant has not expanded his objection. He merely explains the impact of the purported erroneously admitted evidence. His objection was properly preserved.

In any event, we would exercise our discretion to resolve the merits of defendant's claim in this matter even if it was forfeited.

### B. Merits

Only relevant evidence is admissible. (Evid. Code, § 350.) " 'Relevant evidence' " is "evidence, including evidence relevant to the credibility of a witness or

hearsay declarant, having any tendency in reason to prove or disprove any disputed fact that is of consequence to the determination of the action." (Evid. Code, § 210.) "A trial court has 'considerable discretion' in determining the relevance of evidence." (*People v. Merriman* (2014) 60 Cal.4th 1, 74.)

A trial court's admission or exclusion of evidence is reviewable for abuse of discretion. (*People v. Alvarez* (1996) 14 Cal.4th 155, 201.) "A ruling that constitutes an abuse of discretion has been described as one that is 'so irrational or arbitrary that no reasonable person could agree with it.' " (*Sargon Enterprises, Inc. v. University of Southern California* (2012) 55 Cal.4th 747, 773.) We "will not disturb the court's ruling[s] 'except on a showing the trial court exercised its discretion in an arbitrary, capricious, or patently absurd manner that resulted in a manifest miscarriage of justice.' " (*People v. Megown* (2018) 28 Cal.App.5th 157, 164.)

Evidentiary error is harmless if it is not reasonably probable that a result more favorable to the appealing party would have been reached in the absence of the error. (*People v. Marks* (2003) 31 Cal.4th 197, 227; *People v. Watson* (1956) 46 Cal.2d 818, 836.) " 'Prejudice from erro[neous admission of evidence] is never presumed but must be affirmatively demonstrated by the [defendant].' " (*Hernandez v. County of Los Angeles* (2014) 226 Cal.App.4th 1599, 1616.)

Defendant contends that the limited purpose for which the motorcycle parts evidence was admitted was irrelevant to the charges. While we agree that the purpose for which the evidence was admitted was irrelevant, the evidence was otherwise relevant and admissible. We therefore find no abuse of discretion and, in any event, that any error was harmless.

As an initial matter, the evidence was admitted "just to explain why [the motorcycle parts] caught [Garcia's] attention." The reason why motorcycle parts caught Garcia's attention was not relevant unless the presence of the parts in the vehicle was relevant to an element of an offense. We conclude that it was.

6.

Defendant was charged with unlawful driving of a vehicle in violation of Vehicle Code section 10851, subdivision (a). That count required proof that defendant drove the vehicle of another without the consent of the owner. (Veh. Code, § 10851, subd. (a).) Evidence that the vehicle contained potentially stolen motorcycle parts could reasonably give rise to the inference that the driver of the vehicle was aware that the vehicle was stolen and the driver therefore did not have the consent of the owner to drive the vehicle. Indeed, the prosecutor advanced that argument in her closing argument and rebuttal argument: she told the jury the silver Honda Civic contained a shaved Chevrolet key, a license plate from a different vehicle, and "cut motorcycle parts in the back of that car …." From that evidence, she asked the jury to infer that defendant knew that he did not have permission to use the silver Honda Civic because use of the vehicle in that manner was inconsistent with planning to return the vehicle to its owner. The potentially stolen motorcycle parts evidence was therefore at least marginally relevant. It was not admitted, as defendant contends, solely to show that defendant had a propensity to commit theft offenses without any connection to the charged offenses. For that reason, the admission of evidence was not an abuse of discretion and any error in the court's admission of the evidence was harmless.[4]

---

[4] Defendant contends that the erroneous admission of evidence had an impact on his federal constitutional rights so we should review any error under the "harmless beyond a reasonable doubt" standard of *Chapman v. California* (1967) 386 U.S. 18, 24. We disagree. Erroneous admission of evidence under state law is generally evaluated under the *Watson* standard. (*People v. Perkins* (1984) 159 Cal.App.3d 646, 652.) "[T]he admission of evidence, even if erroneous under state law, results in a due process violation only if it makes the trial *fundamentally unfair*." (*People v. Partida* (2005) 37 Cal.4th 428, 439.) "Absent fundamental unfairness, state law error in admitting evidence is subject to the traditional *Watson* test." (*Ibid.*) Regardless, under any standard of prejudice, any error resulting from the trial court's admission of the motorcycle parts evidence was harmless because the evidence of defendant's guilt was overwhelming. (*People v. Doolin* (2009) 45 Cal.4th 390, 439.)

7.

Even if defendant was correct that the evidence was not relevant for any purpose, it was harmless because it is not reasonably probable that exclusion of the evidence would have impacted the outcome. As the prosecutor pointed out, defendant was also driving the vehicle with a shaved key and a rear license plate from a different vehicle. That evidence conclusively demonstrated that defendant did not have the permission of the owner to drive the vehicle.

Because we find that the trial court's admission of evidence was not an abuse of discretion and that any error was harmless, we must affirm.

## **<u>DISPOSITION</u>**

The judgment is affirmed.